Opinion issued January 31, 2008













     





In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00676-CR




GLENN L. JAYROE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 1023216




MEMORANDUM OPINION ON REHEARING
          Appellant, Glenn L. Jayroe, filed a motion for rehearing, which we GRANT. 
We withdraw our opinion and judgment of November 17, 2007, and issue this opinion
and judgment in their stead. The disposition of the appeal remains the same.
          Appellant, Glenn L. Jayroe, was convicted by a jury of second degree felony
aggravated assault with a deadly weapon.


 The jury assessed a two-year suspended
sentence as punishment. In five points of error, appellant complains that he was
denied effective assistance of counsel because his trial counsel failed to object to (1)
the improper use of an alleged act of misconduct; (2) the admission of evidence
gathered as the result of an unlawful search and arrest; (3) the State’s comment during
jury argument that it was trial counsel’s job to create reasonable doubt; (4) the State’s
comments during jury argument referring to general occurrences of people displaying
guns and shooting each other; and (5) the State’s comment that injected an issue of
punishment during the guilt-innocence phase of trial.
          We affirm.
BACKGROUND
          On the afternoon of April 12, 2005, the complainant, Terri Charpentier, was
driving home with her eight-year-old daughter. After merging into heavy traffic on
Interstate 45, the complainant noticed the driver of a small truck—later established
to be appellant—yelling, honking, and waving his hands. Appellant tried to pull up
beside the complainant on the left, and eventually drove onto the shoulder of the
Interstate so that he could pull up even with the complainant’s vehicle. Appellant
threw a coke bottle at the complainant’s vehicle, then changed lanes again to follow
the complainant as she tried to get away from him. After the complainant observed
appellant reach into the glove compartment, the complainant’s daughter cried,
“Mommy, he has a gun, he has a gun. He’s going to shoot us.” The complainant told
her daughter to write down appellant’s license plate number, and she continued to try
to get away from appellant by changing speed. Appellant kept pace with her until he
was forced to exit the Interstate because he was in an exit-only lane. The complainant
contacted 911 and gave her version of the events and the license plate number to 
Deputy D. Althouse.
          After tracing appellant using the vehicle’s registration information, Deputy
Althouse found the truck in appellant’s driveway and knocked on the door. When
appellant answered, Deputy Althouse asked if appellant had been involved in a traffic
altercation earlier. Appellant “became upset and tense,” and admitted to being
involved in the altercation. When Deputy Althouse asked him whether he owned a
handgun, appellant admitted that he did and that he had a valid concealed handgun
license. After he told Deputy Althouse it was in his back pocket, appellant removed
the handgun from his pocket and Deputy Althouse took possession of the loaded
black 22-caliber semi-automatic handgun. Appellant admitted that he had the gun
earlier in the day during the incident with the complainant, but denied pointing it at
her and her daughter.
          Appellant argued at trial that he never displayed a weapon during the
altercation. He admitted to throwing the coke bottle, but he claimed that the
complainant must have mistaken his cell phone for a handgun. Appellant claimed
that the handgun was in his back pocket the entire time.
          After the jury found appellant guilty, appellant’s trial counsel asked for
probation, and the jury assessed a two-year suspended sentence as punishment. 
Appellant then obtained new counsel, who filed a motion for new trial. At the
hearing for the motion for new trial, appellant’s trial counsel testified about his
strategy for not objecting to an extraneous offense, but he was not questioned
regarding his strategy for the other points of error raised on appeal. The motion for
new trial was denied, and appellant filed this appeal.DISCUSSION
          We evaluate the effectiveness of counsel under the two-pronged test enunciated
in Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984);
Hernandez v. State, 988 S.W.2d 770, 774 (Tex. Crim. App. 1999). First, appellant
must show that his trial counsel’s representation fell below an objective standard of
reasonableness. Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. To prove this
deficiency in representation, the defendant must demonstrate that his counsel’s
performance deviated from prevailing professional norms. Id. at 688, 104 S. Ct. at
2065; McFarland v. State, 845 S.W.2d 824, 842–43 (Tex. Crim. App. 1992). Second,
the defendant must show prejudice. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. 
This requires the defendant to show that there is a reasonable probability that but for
his trial counsel’s unprofessional errors the result of the proceeding would have been
different. Id. at 694, 104 S. Ct. at 2068. A reasonable probability is a probability
sufficient to undermine confidence in the outcome. Id. The failure to satisfy one
prong of the Strickland test negates a court’s need to consider the other. Id. at 697,
104 S. Ct. at 2069.
          Appellant bears the burden of proving by a preponderance of the evidence that
his counsel was ineffective. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999). Appellant must overcome the presumption that his trial counsel’s strategy was
sound and must affirmatively demonstrate the alleged ineffective assistance of
counsel. Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); Thompson,
9 S.W.3d at 814. We cannot speculate beyond the record provided; rather, a
reviewing court must presume that the actions were taken as part of a strategic plan
for representing the client. Rylander, 101 S.W.3d at 110.
Prior Act
          In his first point of error, appellant complains that his trial counsel was
ineffective because he failed to object to the State’s use of an alleged act of
misconduct. Trial counsel attempted to convince the jury that appellant never
displayed a handgun and that the complainant must have seen appellant’s cell phone
and thought it was a handgun. As part of this strategy, trial counsel had appellant
testify about previous instances when appellant had pulled a gun on someone. 
Appellant testified that he had only done so once before, while he was on a tour of
duty in the Vietnam War. Then trial counsel asked appellant, “Did you intend in any
way to threaten the complainant with bodily harm?” Appellant answered, “No, sir,
I did not. And I can see the hurt on the little girl’s face and I would never hurt
anybody like that. It’s not in my character.”
          On its cross-examination of appellant, the State introduced evidence of an
extraneous offense. After asking whether appellant was “hot-tempered” at times, the
following exchange took place:
[State]:                   You’ve never felt like you needed to act out or lash
out against someone in a public place?
 
[Appellant]:           No, sir.
 
[State]:                   Okay. So, back on June 9th of 1998 at the Sam’s
Club on Richey Road, you don’t know what that
involved?
 
[Appellant]:           That’s prior.
 
[Trial counsel]:      You can tell them.
 
[State]:                   You don’t. I’m asking you. Did you not display
something in public on that particular date, an
outburst of anger?
 
[Appellant]:           No.
 
[State]:                   You didn’t do that?
 
[Appellant]:           I defended myself.
 
[State]:                   Because you were angry and you were upset?
 
[Appellant]:           No. I defended myself. A Sam’s employee threw a
chair at me and I pulled a ma[ce] — a small ma[ce]
canister and I tried to ma[ce] him with that.
 
[State]:                   And that made you upset, that whole incident made
you upset?
 
[Appellant]:           No. I was upset because he was trying to kill me
when he threw a chair at me.
 
[State]:                   Why was the Sam’s Club employee trying to
throw—why was he trying to throw a chair at you?
 
[Appellant]:           I have no idea.
 
[State]:                   So, just out of the blue, a Sam’s Club employee
decided to throw a chair at you and you decided to
whip out ma[ce] and ma[ce] him?
 
[Appellant]:           I was trying to defend myself, yes, sir.
 
[State]:                   You were pretty hot-tempered and upset about that
when that happened?
 
[Appellant]:           No, I was just trying to defend myself.
          At the motion for new trial hearing, the following exchange occurred between
appellant’s trial counsel and appellate counsel:
[Appellate counsel]:        And did you formulate a strategy or not
regarding how you would approach the
State’s attempt to introduce [the extraneous
offense evidence]?
 
[Trial counsel]:                I did.
 
[Appellate counsel]:        What was your strategy?
 
[Trial counsel]:                It was a—a call that I intended to make at the
time that the evidence or question was asked. 
Weighing the balance between the effect that
an objection would have on the jury versus a
reasonable explanation being given by the
defendant.
 
Later, trial counsel clarified why he did not object when the testimony was heard:
To follow up on my prior comments about trial strategy, at that time I
felt like there was sufficient information for the prosecution to provide
to the Court that the objection would be overruled and the effect that
that would have on the jury in addition to any negative effects that the
explanation might or might not give. Having attempted to avoid
answering the question in totality of the circumstances, I felt that my
client was better served by being given an opportunity to explain exactly
what happened.
 
          Because appellant’s strongest argument at trial was that the complainant
mistook appellant’s cell phone for a handgun, appellant’s trial counsel’s strategy of
appellant appearing open and honest before the jury was important. Appellant’s trial
counsel’s statement that “I felt like my client was better served by being given an
opportunity to explain exactly what happened” showed that, in the face of evidence
that he reasonably believed was admissible,


 he wanted to give his client a full
opportunity to address the State’s contentions. It is a reasonable strategy that trial
counsel would want appellant to appear open and honest with the jury. See Thomas
v. State, 886 S.W.2d 388, 392 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d)
(“[T]rial counsel’s decision not to object to improper testimony can be a plausible
trial strategy when counsel desires to create the appearance of being open and
completely honest with regard to all questions.”) (citing Ahmadi v. State, 864 S.W.2d
776, 783 (Tex. App.—Fort Worth 1993, pet. ref’d)).
          Because appellant’s trial counsel had a reasonable trial strategy, appellant’s
ineffective assistance complaint on this point does not satisfy the first prong of the
Strickland test. See Rylander, 101 S.W.3d at 110. We do not need to discuss
Strickland’s second prong. See Strickland, 446 U.S. at 697, 194 S. Ct. at 2069.
          We overrule appellant’s first point of error.
Admission of Appellant’s Handgun
          In his second point of error, appellant complains that he received ineffective
assistance of counsel because trial counsel did not object to the improper admission
of the handgun and its magazine into evidence. During the testimony of Deputy
Althouse, who responded to the complainant’s call and arrested appellant, the State
introduced, without objection from appellant’s trial counsel, the handgun and the
magazine of bullets that appellant had in his pocket when Deputy Althouse came to
investigate. During appellant’s case in chief, appellant’s trial counsel presented
testimony regarding the handgun, including appellant’s experience with weapons and
the purpose for which he obtained the permit to carry a concealed handgun.
          At the outset, we note that the record does not provide any explanation of
appellant’s trial counsel’s strategy on this point. In the absence of a proper
evidentiary record, it is extremely difficult to show that appellant’s trial counsel’s
performance was deficient, and we must presume that his actions were taken as part
of a strategic plan for representing his client. Rylander, 101 S.W.3d at 110–11. 
Furthermore, when an ineffective assistance claim alleges that counsel was deficient
in failing to object to the admission of evidence, the defendant must show as part of
his claim that the evidence was inadmissible. Ortiz v. State, 93 S.W.3d 79, 93 (Tex.
Crim. App. 2002).
          Appellant argues on appeal that the handgun was obtained as part of an illegal
arrest and was therefore inadmissible. However, appellant testified that he handed
the handgun to Deputy Althouse. Consent to a search is a well-established exception
to the requirements for a valid warrant and probable cause. Maxwell v. State, 73
S.W.3d 278, 281 (Tex. Crim. App. 2002). The validity of an alleged consent to
search is a question of fact to be determined from all the circumstances. Id. The
State must show with clear and convincing evidence that the consent was valid in
order for evidence to be admissible. Carmouche v. State, 10 S.W.3d 323, 331 (Tex.
Crim. App. 2000). Here, the trial court could have found, by clear and convincing
evidence, that appellant handed the gun over to Deputy Althouse willingly. 
Therefore, we conclude that the evidence was admissible. See Maxwell, 73 S.W.3d
at 281; Carmouche, 10 S.W.3d at 331. Accordingly, appellant cannot prevail in his
claim for ineffective assistance of counsel on this point. See Ortiz, 93 S.W.3d at 93.
          We overrule appellant’s second point of error.
Jury Arguments
          In his third, fourth, and fifth points of error, appellant contends that his trial
counsel’s failure to object to certain arguments made by the State during closing
argument constituted ineffective assistance of counsel. Again, we note that the record
is silent on appellant’s trial counsel’s strategies for failing to object in the three
instances at issue here.
State’s Comments About Appellant’s Trial Counsel Creating Reasonable Doubt
          In his third point of error, appellant contends that the State “impugned defense
counsel’s integrity and ethics” by claiming,
I’m going to sit down and [trial counsel] is going to have an opportunity
to come up here and speak to you. His job as a defense attorney is to
create as much reasonable doubt as possible. That’s his job. But I
employ y’all to remember that instruction in the charge to use your
reason and use your common sense.”
 
Appellant’s trial counsel did not object to this argument.
          Proper jury argument must fall into one of four areas: (1) summations of the
evidence; (2) reasonable deductions from the evidence; (3) answers to argument of
opposing counsel; and (4) pleas for law enforcement. Wesbrook v. State, 29 S.W.3d
103, 115 (Tex. Crim. App. 2000). Appellant correctly argues that attacks on the
personal integrity of trial counsel are improper jury argument. Mosely v. State, 983
S.W.2d 249, 258–59 (Tex. Crim. App. 1998). However, if an argument does not
accuse counsel of fabricating evidence but only accuses counsel of raising reasonable
doubt, the argument is proper. Morales v. State, 11 S.W.3d 460, 463 (Tex. App.—El
Paso 2000, pet. ref’d) (citing Tilbury v. State, 890 S.W.2d 219, 224 (Tex. App.—Fort
Worth 1994, no pet.)). Here, the State did not accuse appellant’s trial counsel of
fabricating evidence or of lying. The State merely commented on appellant’s trial
counsel’s strategy of attempting to create reasonable doubt that appellant was guilty. 
Appellant has not adequately shown that the State’s remarks were improper. See
Morales, 11 S.W.3d at 463. Therefore, appellant cannot prevail on his claim of
ineffective assistance of counsel on this point. See Ortiz, 93 S.W.3d at 93.
          We overrule appellant’s third point of error.
 
State’s Comments on Evidence Outside the Record
          In his fourth point of error, appellant contends that the State argued evidence
that was outside the record when it stated, “You hear about people pulling guns out
on each other, shooting each other. You didn’t hear about these type of things 50
years ago.” Appellant claims that this comment invited jury members “to consider
matters outside the record in determining appellant’s guilt.” Again, appellant’s trial
counsel did not object to the State’s comment.
          The Court of Criminal Appeals has held that arguments merely stating general
facts of common knowledge are proper pleas for law enforcement. Garza v. State,
622 S.W.2d 85, 93 (Tex. Crim. App. 1980); see also Staten v. State, 919 S.W.2d 493,
498 (Tex. App.—Fort Worth 1996, pet. ref’d) (argument that defendant did not know
or care where drugs were going after he sold them was held to be common knowledge
and reasonable deduction). Here, the State did not inject any new specific facts. It
merely made a common observation tending to illustrate that crime has generally been
on the rise, and thus, the State made a proper argument.


 See Garza, 622 S.W.2d at
93. We conclude that appellant’s trial counsel was not deficient for failing to object
to the State’s comments. See Ortiz, 93 S.W.3d at 93.
          We overrule appellant’s fourth point of error.
State’s Comments Injecting an Issue of Punishment at the Guilt Stage
          In his fifth point of error, appellant argues that the State “inject[ed] an issue of
punishment at the guilt stage of trial.” Appellant’s trial counsel referred to the theory
that the complainant mistook appellant’s cell phone for a handgun during his closing
argument. Appellant’s trial counsel argued:
But it seems to me like that phone looks an awful lot like a gun. It
would be messy to misidentify that and to put someone in prison or to
convict him of this crime because, well, they stuck to their guns and they
said that it was not a phone, it was a gun.
 
During its closing argument, the State commented, “And I’m going to tell you right
now, this is not a case that deserves punishment in prison. I am not going to stand
here and tell you that I’m going to get up here and ask for confinement in prison for
this offense, okay?” Appellant’s trial counsel did not object to the State’s argument.
          In this context, the State properly responded to appellant’s trial counsel’s
argument that the crime does not necessitate imprisonment. See Wesbrook, 29
S.W.3d at 115 (answers to argument of opposing counsel is proper jury argument). 
Accordingly, we conclude that appellant’s trial counsel was not deficient for failing
to object to the State’s arguments. See Ortiz, 93 S.W.3d at 93.
          We overrule appellant’s fifth point of error.
 
 
CONCLUSIONWe affirm the judgment of the trial court.





                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).