Bobby Jean DICKERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-92-00904-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 10, 1993.

Tony Aninao, Houston, for appellant.

John B. Holmes, Jr., Alan Curry, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

Appellant was found guilty by a jury of possession of a controlled substance. The jury found two enhancement paragraphs true and assessed punishment at 60 years. We affirm the conviction but reverse the punishment and remand for a new punishment hearing.

### BACKGROUND

Officers Jeffrey and Poprik were dispatched to the apartment of an elderly woman to check on her welfare. The officers were initially denied entry to the elderly woman's apartment, but were later admitted by a young woman when they informed her that they were there to check on the elderly woman.

Once both officers were inside the apartment, Officer Jeffrey went into a bedroom and saw appellant and another man sitting on beds opposite each other. Officer Jeffrey asked both men to exit the bedroom. The man facing Officer Jeffrey complied and left the room, but appellant, who had his back to Officer Jeffrey, did not. Officer Jeffrey

walked further into the bedroom and again asked appellant to leave the room.

At this point, Officer Jeffrey noticed that appellant was holding a "crack pipe" in his hand and was leaning over holding a can in front of him. This time, appellant complied with Officer Jeffrey's request to leave the room, but while exiting, appellant dropped the "crack pipe." The three men and the young woman were the only people found in the apartment.

The elderly woman who lived at the apartment eventually returned, and upon her return, she asked the officers to enter her apartment and remove all of the drugs in the apartment. Officer Jeffrey returned to the bedroom where appellant had dropped the "crack pipe" and he retrieved assorted drug paraphernalia, including a plastic bong, a metal rod used to pack the pipe, and the "crack pipe" appellant had dropped. Officer Poprik field tested the pipe and the metal rod and both tested positive for cocaine.

Edna Nix, a chemist for the crime lab, testified that she analyzed both items by rinsing them with sulfuric acid to remove the residue and found them to contain 32.4 milligrams of cocaine. Before she rinsed the pipe, she observed cocaine residue inside the pipe, caught in the wire mesh.

## JURY ARGUMENT

■ In his first point of error, appellant contends that the trial court committed reversible error in overruling appellant's objection to the prosecutor's argument during punishment that appellant should get 60 years based on collateral matters outside the record, namely, the welfare of the elderly woman, appellant's grandmother. Jury argument is only proper if it falls within one of four acceptable categories: (1) a summation of the evidence; (2) reasonable deductions from the evidence; (3) an answer to the argument of opposing counsel; and (4) a plea for law enforcement. *Borjan v. State*, 787 S.W.2d 53, 55 (Tex.Crim.App.1990); *Morris v. State*, 755 S.W.2d 505, 509 (Tex.App.— Houston [1st Dist.] 1988, pet. ref'd). The argument by the prosecutor which appellant complains of is as follows:

Prosecutor: Mr. Fernandez was very, very eloquent. I don't care if Bobby Jean Dickerson smokes crack until his lungs explode. *This is not about crack. This is not a drug case.* I'm asking you to finish the job the police started. I'm asking you to look after the welfare of that 70–year–old woman, Geraldine Roberson.

Mr. Fernandez: I would object to the argument being outside the record and prejudicial. There is no evidence my client— no direct evidence my client was doing anything to harm her.

The Court: Overruled.

(Emphasis added).

The statements by the prosecutor that, "This is not about crack. This is not a drug case," (when that was the offense with which appellant was charged) do not fall within any of the acceptable areas of jury argument established in *Borjan.* As a result, the jury argument by the prosecutor was improper.

■ To preserve error committed during jury argument, an appellant must object until receiving an adverse ruling from the court. *Harris v. State*, 784 S.W.2d 5, 12 (Tex.Crim. App.1989). Appellant did object and get an adverse ruling from the court, consequently, he has preserved error as to that portion of the prosecutor's argument.

■ Appellant did not reurge his objection as the prosecutor continued his argument:

Prosecutor: I don't care if he smokes drugs but when he smokes drugs in Geraldine Roberson's house, that's when I'm offended. *It's a small amount of drugs but we're looking past that. We're looking at the possibility of giving that 70–year–old woman some dignity in the time she has left, some decency, some peaceful time for the time she has left on the planet.* You had a chance to see her. I didn't know if it was right to call her. I thought it was important to that you got to see the fact that she did let the police into the house. *This was not a drug case.* They were going up there to look after her. She told you that she told the police to go in there and get the drugs out of her house. She obviously loved the man, she was a blood relative, or scared of him. I don't

know. *But that is what this case is about. And I want to let you take a look at what we're dealing with, how easy she is to take advantage of.*

When you go back and deliberate and decide what is the appropriate time, *don't try to decide what the drugs are worth. They are just a tool that got us to this point.* At this point the law dictates 25 to 99 or life. That is what the penalty range is. The instruction that you got on page three— you can take it back there—it has talk about the parole law and all of that. The instructions are very clear. I'll ask you not to get involved in the crazy calculus. It tells you not to. That is put out by the Department of Pardons and Paroles. *I'm asking to sentence him to prison for enough time so she can live out her life in dignity. So she can live there in peace. A person will be able to live over on Dennis Street.* He is past rehabilitation. He may have a drug problem but showed by his actions and prior history that he is not going to be able to be helped. I ask you to look past possible rehabilitation. Do what prisons are for. Take him off the street. Get him away so decent people can live without him. Don't get bogged down in trying to figure out what he is going to actually do.

*What I'm telling you is a 60 year term in the Department of Corrections is adequate to let her serve out the rest of her years in peace.* That's what I'm asking for, 60 years. I think in his case you could possibly see that life to 99 would be appropriate. That would be fine. What I'm asking for is 60 years.

Mr. Fernandez is right, there are a limited amount of beds in the prisons but if you look at the facts, if you have the visual image of Ms. Roberson in your mind when you go back there, I think you will agree with me he is deserving of one of those beds for the next 60 years.

■ A party is required to continue to object each time inadmissible evidence is offered in order to preserve error. *Ethington v. State,* 819 S.W.2d 854, 858 (Tex.Crim.App. 1991). Because appellant did not continue to object or make a running objection, he did not preserve error in the remaining portion of the prosecutor's argument. *Id.*

■ Even if the argument exceeds the bounds of proper jury argument, which this one did, it is not reversible error unless, in light of the record as a whole, the argument is extreme, manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *McKay v. State,* 707 S.W.2d 23, 26 (Tex.Crim.App.1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986).

■ The prosecutor's statements that, "This is not about crack. This is not a drug case" exceeded the bounds of proper jury argument. Therefore, we must look at the entire record, including the rest of the prosecutor's argument, in order to determine whether the argument objected to was so extreme or manifestly improper as to constitute reversible error. *McKay,* 707 S.W.2d at 26.

When read in the context of the jury argument as a whole, the prosecutor's jury argument was extreme and manifestly improper. Contrary to the State's argument, this *was* a drug case, and appellant had the right to be sentenced based on the offense for which he was convicted: possession of a controlled substance. Considering the jury assessed a 60–year sentence as requested by the State, we cannot say that the error in the State's jury argument was harmless. *Klueppel v. State,* 505 S.W.2d 572, 574 (Tex.Crim.App. 1974).

We sustain appellant's first point of error.
**POSSESSION**

■ Appellant contends in his second point of error that the evidence was insufficient to support the jury's conclusion that he knowingly possessed cocaine because there was no visible cocaine in the items found in his possession.

In reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99

S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim. App.1989). The entire body of evidence is reviewed to determine whether the State has proven beyond a reasonable doubt each and every element of the alleged crime, and not just a plausible explanation of the crime. *Butler*, 769 S.W.2d at 239. If there is evidence that establishes guilt beyond a reasonable doubt, and the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of evidence grounds. *Id.; Glass v. State*, 761 S.W.2d 806, 807 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

In order to establish the unlawful possession of a controlled substance, the State is required to prove: (1) the accused exercised care, custody and control over the contraband; and (2) the accused knew the matter he possessed was contraband. *Martin v. State*, 753 S.W.2d 384, 387 (Tex.Crim.App. 1988). The issue is whether the evidence will support a reasonable inference that the defendant knowingly possessed the contraband. *Jackson v. State*, 807 S.W.2d 387, 389 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd).

■ If the controlled substance can be seen and measured, the amount is sufficient to establish the defendant knew it was a controlled substance. *Mayes v. State*, 831 S.W.2d 5, 7 (Tex.App.—Houston [1st Dist.] 1992, no pet.); *Jarrett v. State*, 818 S.W.2d 847, 848 (Tex.App.—Houston [1st Dist.] 1991, no pet.); *Thomas v. State*, 807 S.W.2d 786, 789 (Tex.App.—Houston [1st Dist.] 1991, pet. granted), *pet. dism'd* 840 S.W.2d 958, 959 (Tex.Crim.App.1992). In the case before us, the cocaine could be both seen and measured.

The police department's chemist testified she observed residue inside the pipe and caught in the wire mesh. *See Sims v. State*, 833 S.W.2d 281, 284 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd) (chemist observed residue in the cocaine pipe with the naked eye); *Mayes*, 831 S.W.2d at 7 (both officer and chemist observed cocaine residue); *Jarrett*, 818 S.W.2d at 848 (officer observed residue inside crack pipe); *Thomas*, 807 S.W.2d at 787–88 (officer and chemist observed cocaine residue visible to the naked eye).

In addition, the amount of cocaine possessed by appellant was able to be measured, specifically, 32.4 milligrams. Quantities much less have been upheld as being sufficient to support a conviction. *See Mayes*, 831 S.W.2d at 6 (0.2 milligrams); *Jarrett*, 818 S.W.2d at 848 (2 milligrams); *Thomas*, 807 S.W.2d at 788 (0.8 milligrams).

The jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim.App.1981). The jury, as the judge of the facts and credibility of the witnesses, could choose to believe or not to believe the witnesses, or any portion of their testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). Since the jury found appellant guilty of possession of a controlled substance, they necessarily must have believed the testimony of the police department's chemist.

After reviewing the evidence in the light most favorable to the prosecution, there was sufficient evidence for the jury to find that appellant knowingly possessed a controlled substance. *See Butler*, 769 S.W.2d at 239.

We overrule appellant's second point of error.

### AFFIRMATIVE LINKS

■ Appellant next contends that the evidence was insufficient due to the lack of affirmative links connecting appellant to the contraband found inside the apartment.

■ When the defendant is not in exclusive possession of the place where the contraband is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances that affirmatively link the accused to the contraband. *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App.1981). Such an affirmative link between the accused and the contraband must be such that a reasonable inference arises that the accused knew of the contraband's existence and exercised control over it. *Winter v. State*, 725 S.W.2d 728, 731 (Tex.App.—Houston [1st Dist.] 1986, no pet.).

Officer Jeffrey testified that he saw appellant holding the crack pipe when he entered the center of the bedroom. This is enough to affirmatively link appellant to the contraband. *See Jarrett,* 818 S.W.2d at 848–49 (defendant was holding a crack pipe when arrested); *Mayes,* 831 S.W.2d at 7 (defendant possessed cocaine inside a crack pipe found in his pants pocket).

The jury was free to believe Officer Jeffrey's testimony that appellant was holding the crack pipe that contained the cocaine. *Sharp,* 707 S.W.2d at 614. After looking at the evidence in the light most favorable to the verdict, we find that there was sufficient evidence to link appellant to the contraband. *See Butler,* 769 S.W.2d at 239.

We overrule appellant's third point of error.

We affirm the judgment of conviction, but because we have sustained the first point of error, we reverse the portion of the judgment assessing punishment and remand the cause for a new punishment hearing.