NO. 12-08-00023-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



JAMIE LYNN BABBS,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS






MEMORANDUM OPINION


 Jamie Lynn Babbs appeals his sentences following his convictions for sexual assault of a
child, prohibited sexual conduct, and indecency with a child. Appellant raises two issues on appeal. 
We affirm.

Background

 Appellant was charged by indictment with separate counts of sexual assault of a child,
prohibited sexual conduct, (1) and indecency with a child. Appellant pleaded "guilty" to each charged
offense, and the matter proceeded to a jury trial on punishment. Following the trial on punishment,
the parties made their respective jury arguments. During the State's jury argument, the prosecuting
attorney argued that the victim would have to suffer with the knowledge that she had an abortion. 
The prosecuting attorney further argued that the victim's unborn child was among Appellant's
victims. Ultimately, the jury assessed Appellant's punishment at imprisonment for twenty years for
sexual assault of a child, imprisonment for ten years for prohibited sexual conduct, and
imprisonment for fifteen years for indecency with a child. The trial court sentenced Appellant
accordingly, and this appeal followed.


Factual Sufficiency of Punishment Evidence As part of his first issue, Appellant argues that the evidence is factually insufficient to support
the sentences he received. A review of the evidence for factual sufficiency is inappropriate with
respect to the assessment of punishment. See Bradfield v. State, 42 S.W.3d 350, 351 (Tex.
App.-Texarkana 2001, pet. ref'd); Kanouse v. State, 958 S.W.2d 509, 510 (Tex. App.-Beaumont
1998, no pet.); Flores v. State, 936 S.W.2d 478, 479 (Tex. App.-Eastland 1996, pet. ref'd). Hence,
we decline to conduct a factual sufficiency review of the evidence on punishment. Appellant's first
issue is overruled in part.


Cruel and Unusual Punishment

 In the remainder of his first issue, Appellant contends that the sentences imposed on him are
disproportionate to the respective crimes for which he was convicted and that his sentence violated
the cruel and unusual punishment clause of the United States Constitution. See U.S. Const. amend.
VIII; see also Tex. Const. art I, § 13. However, Appellant made no timely objection to the trial
court raising the issue of cruel and unusual punishment and has, therefore, waived such an issue on
appeal. See Willis v. State, 192 S.W.3d 585, 595-97 (Tex. App.-Tyler 2006, pet. ref'd); see also
Tex. R. App. P. 33.1. 

 However, even absent waiver, we conclude that Appellant's sentences did not constitute cruel
and unusual punishment. Appellant was convicted of sexual assault of a child. See Tex. Penal
Code Ann. § 22.011(c)(2)(A) (Vernon Supp. 2008). The punishment for such an offense is a term
of imprisonment ranging between two and twenty years. See Tex. Penal Code Ann. §§ 12.33,
22.011(f) (Vernon 2003 & Supp. 2008). Appellant was further convicted of prohibited sexual
conduct. See Tex. Penal Code Ann. § 25.02(a)(4) (Vernon Supp. 2008). The punishment for such
an offense is a term of imprisonment ranging between two and ten years. See Tex. Penal Code
Ann. §§ 12.34(a), 25.02(c) (Vernon 2003 & Supp. 2008). Moreover, Appellant was convicted of
indecency with a child. See Tex. Penal Code Ann. § 21.11(a)(1) (Vernon 2003). The punishment
for such an offense is a term of imprisonment ranging between two and twenty years. See Tex.
Penal Code Ann. §§ 12.33(a), 21.11(d) (Vernon 2003). Here, the sentences imposed by the trial
court fall within the range set forth by the legislature. Id. Therefore, the punishments are not
prohibited as cruel, unusual, or excessive per se. See Harris v. State, 656 S.W.2d 481, 486 (Tex.
Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Davis v. State,
905 S.W.2d 655, 664 (Tex. App.-Texarkana 1995, pet. ref'd).

 Nonetheless, we have considered the threshold question of whether Appellant's sentence is
grossly disproportionate to the crime. See, e.g., McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.),
cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); see also Jackson v. State, 989
S.W.2d 842, 845-46 (Tex. App.-Texarkana 1999, no pet.); see also Harmelin v. Michigan, 501
U.S. 957, 1005, 111 S. Ct. 2680, 2707, 115 L. Ed. 2d 836 (1991); Solem v. Helm, 463 U.S. 277,
298-300, 103 S. Ct. 3001, 3013-15, 77 L. Ed. 2d 637 (1983). In conducting our analysis, we are
guided by the holding in Rummel v. Estelle, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980),
in which the Supreme Court upheld the petitioner's mandatory life sentence under a prior version
of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. Id.,
445 U.S. at 266, 100 S. Ct. at 1135. The offenses committed by Appellant--sexual assault of a
child, prohibited sexual conduct, and indecency with a child--are each far more serious than any of
the offenses committed by the appellant in Rummel. Moreover, Appellant's sentences are each far
less severe than the life sentence upheld by the Supreme Court in Rummel. Thus, it follows that if
the sentence in Rummel was not unconstitutionally disproportionate, then neither are the sentences
assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to
be satisfied, we need not apply the remaining elements of the Solem test. (2) The remainder of
Appellant's first issue is overruled.


Improper Jury Argument

 In his second issue, Appellant argues that the State's comments in its closing argument that
the victim had undergone an abortion amounted to reversible error. Appellant concedes that he did
not make a proper and timely objection to the prosecutor's jury argument, but contends that we
should consider the issue as one of fundamental error. (3) 

 There are four permissible areas of jury argument: (1) summation of the evidence; (2)
reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) pleas
for law enforcement. Felder v. State, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992); Dickerson
v. State, 866 S.W.2d 696, 698 (Tex. App.-Houston [1st Dist.] 1993, pet. ref'd). Counsel may draw
all inferences from the record that are "reasonable, fair, and legitimate." Allridge v. State, 762
S.W.2d 146, 156 (Tex. Crim. App. 1988).

 We will first consider whether the prosecutor's statement was impermissible. During the trial
on punishment, the victim testified that she had made the decision to abort the baby. The victim
further testified that she felt "horrible" about it. Appellant failed to object to any of the victim's
testimony concerning her abortion. As such, we conclude that the prosecuting attorney's jury
arguments that (1) the victim would have to suffer with the knowledge that she had an abortion and
(2) the victim's unborn child was among Appellant's victims was both a summation of the evidence
and a reasonable deduction from the evidence or, otherwise, reasonable, fair, and legitimate
inferences drawn from the record. Therefore, we hold that these arguments fell within the realm of
permissible jury argument. Appellant's second issue is overruled.


Disposition

 Having overruled Appellant's first and second issues, we affirm the trial court's judgment.

 JAMES T. WORTHEN 

 Chief Justice

Opinion delivered January 30, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.


(DO NOT PUBLISH)



1. Specifically, with regard to this count, the indictment alleged that Appellant intentionally or knowingly
engaged in sexual intercourse with the victim, a person Appellant knew to be, without regard to legitimacy, his half
sister.
2. Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense
and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the
sentences imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S. at 292, 103 S. Ct. at
3011. 
3. We construe Appellant's argument liberally in the interest of justice to state that neither a timely objection
nor an adverse ruling is required to preserve the error for review if an argument is so prejudicial that an instruction to
disregard the argument could not cure the harm, or, in other words, if the argument was clearly calculated to inflame
the minds of the jurors and its impression cannot be withdrawn from their minds. Harris, 784 S.W.2d at 12 n.5;
Rodriquez v. State, 646 S.W.2d 539, 542-43 (Tex. App.-Houston [1st Dist.] 1982, no pet.). Even if the argument
exceeds the bounds of proper jury argument and an instruction to disregard could not cure the harm, it is not
reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violates a
mandatory statute, or injects new facts that are harmful to the accused into the trial. Felder, 848 S.W.2d at 95;
Dickerson, 866 S.W.2d at 699.