**Opinion filed December 23, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00040-CR

_____

## SEAN CORY GENZER A/K/A SEAN C. GENZER, Appellant
## V.
## STATE OF TEXAS, Appellee

**On Appeal from the 355th District Court**
**Hood County, Texas**
**Trial Court Cause No. CR10852**

## MEMORANDUM OPINION

Sean Cory Genzer a/k/a Sean C. Genzer entered an open plea of guilty to the offense of possessing less than one gram of methamphetamine, a state jail felony. TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(a), (b) (Vernon 2010). The jury assessed his punishment at confinement for a term of twenty-four months in the State Jail Division of the Texas Department of Criminal Justice. The jury also imposed a fine of $5,000. Appellant challenges his sentence in a single issue. We affirm.

### Analysis

Appellant asserts in his sole issue that the trial court erred in overruling his two motions for mistrial based upon his allegation of improper jury arguments by prosecutors.[1] Appellant

---

[1]Two prosecutors presented closing arguments on behalf of the State. Appellant complains about arguments made by both prosecutors.

contends that he was harmed by the prosecutors' improper arguments and the trial court's refusal to grant his motions for mistrial because he received a maximum sentence of incarceration. The applicable range of incarceration for appellant's offense was confinement in a state jail for any term of not more than two years or less than 180 days. TEX. PENAL CODE ANN. § 12.35(a) (Vernon Supp. 2010).[2]

When the trial court sustains a defense objection to the State's closing argument and grants the requested instruction to disregard, the issue is whether the trial court abused its discretion by denying the motion for mistrial. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); *Hawkins v. State*, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004). The reviewing court should uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Archie*, 221 S.W.3d at 699. Almost any improper argument may be cured by an instruction to disregard. *Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995). Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required. *Hawkins*, 135 S.W.3d at 77. A mistrial is the trial court's remedy for improper conduct that is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Id.*

Whether a mistrial should have been granted involves most, if not all, of the considerations that attend a harm analysis. *Id.* A reviewing court balances the following three factors first enunciated in *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998): (1) the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks); (2) the measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the trial judge); and (3) the certainty of the punishment assessed absent the misconduct. *See Martinez v. State*, 17 S.W.3d 677, 693 (Tex. Crim. App. 2000).

Appellant cites five instances wherein he alleges that the prosecutors engaged in improper jury argument. The first two instances cited by appellant involve claims that the prosecutors injected matters not raised by the evidence into the case. The challenged argument consisted of the following:

> [PROSECUTOR]: I will agree with [Defense Counsel], don't give him a fine. Because you know what? Who's going to pay it? His mother. Okay. Just like she's paid for his attorney, just like she probably paid for his restitution, just like she's paid --

---

[2]Appellant's prior felony convictions precluded him from being eligible for either mandatory community supervision or discretionary community supervision recommended by the jury. TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 4(e), 15(a) (Vernon Supp. 2010).

[DEFENSE COUNSEL]: Pardon me, Your Honor. That's outside the record. That's improper.

THE COURT: I'll allow the argument.

[DEFENSE COUNSEL]: Judge, there's no evidence that his mother paid any restitution. That's clearly outside the record.

THE COURT: Overruled.

[DEFENSE COUNSEL]: Thank you, Your Honor.

[PROSECUTOR]: Ms. -- you also have the criminal. Okay? Remember, if he would have done this in a vacuum without ever having done anything else, he -- would be here with the same punishment range. Okay? But he hadn't done that without doing anything else. You also consider the criminal, the person who has done this crime, and he has four burglary convictions, he has two assault convictions, he has a DWLI, which I could care less if you take that into consideration, but the reality of the thing is that he has a history, a severe history, he has an aggravated assault where he told you he stabbed somebody, and the only version of the --

[DEFENSE COUNSEL]: Excuse me, Judge. That's clearly outside the record. He does not have an aggravated assault. That's a Class A misdemeanor. It's improper argument.

THE COURT: Sustained.

[DEFENSE COUNSEL]: Ask that the Court instruct the jury to disregard the comment of the prosecutor.

THE COURT: Disregard the comment about the aggravated assault.

[DEFENSE COUNSEL]: Move for mistrial, Your Honor.

THE COURT: Overruled.

[PROSECUTOR]: I was not saying that he had a conviction, I was saying that he admitted to you that he had this case where he was arrested for aggravated assault where he stabbed somebody, then he pled it down to 45 days on a misdemeanor. He got a sweetheart deal.

With respect to the argument that appellant's mother would probably be paying a fine assessed by the jury, the State contends that appellant cannot use this argument as a basis for seeking a mistrial because it did not serve as a basis for one of the motions for mistrial. We agree. However, appellant did not waive error regarding the argument because he obtained an

3

adverse ruling on his objection. *Archie*, 221 S.W.3d at 699 (To preserve error in prosecutorial argument, a defendant must pursue to an adverse ruling his objection to jury argument.). Nevertheless, the trial court did not err in overruling appellant's objection to the argument. The approved general areas of argument are (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). There is evidence that appellant's mother paid for his attorney in this case and in prior cases. The prosecutor's argument concerning the payment of a fine assessed by the jury as well as the statement that appellant's mother had probably paid his restitution in the past constituted a reasonable deduction drawn from the evidence.

The trial court agreed with appellant's objection to the argument concerning the aggravated assault. The severity of the misconduct associated with the prosecutor's argument is not particularly strong given the fact that appellant testified that he had been arrested for aggravated assault based upon his act of stabbing someone. Furthermore, the trial court promptly gave an instruction to the jury to disregard the argument, and the prosecutor subsequently clarified that he was only referencing the fact that appellant had been arrested for aggravated assault.

The other three instances challenged by appellant involved the prosecutors making reference to Hood County during closing argument:

> [PROSECUTOR]: Ladies and Gentlemen, in Hood County -- we're not Tarrant County. Okay? We don't give people who burglarize houses two years in prison.

> [DEFENSE COUNSEL]: Pardon me, Judge. That's not relevant, and that's improper argument.

> THE COURT: Sustained.

> [DEFENSE COUNSEL]: I ask the Court to instruct the jury to disregard.

> THE COURT: Disregard that last statement.

> [DEFENSE COUNSEL]: Move for mistrial, Your Honor.

> THE COURT: Overruled.

> . . . .

4

[PROSECUTOR]: So what is he deserving of? What do we allow in Hood County?

. . . .

[PROSECUTOR]: [I]f you come down here to Hood County, we don't give out sweetheart deals, we hold people accountable for their actions, especially with a record like the Defendant's.

Appellant contends that these arguments are improper because they urged the jury to assess his punishment based upon community expectations. *See Cortez v. State*, 683 S.W.2d 419, 420 (Tex. Crim. App. 1984) (holding that argument that only life imprisonment "would be any satisfaction at all to the people of this county" was improper plea for jury to heed expectations of community). The State argues that appellant waived error regarding these arguments by not objecting to each instance when the prosecutors made reference to Hood County. We agree. To preserve error, a party is required to continue to object each time an objectionable argument is made. *Dickerson v. State*, 866 S.W.2d 696, 699 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd); *see Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). After the trial court overruled appellant's motion for mistrial, the prosecutors made at least two additional references to Hood County that appellant did not challenge. By not renewing his objection, appellant did not preserve error for our review. *Dickerson*, 866 S.W.2d at 699; *see also* TEX. R. APP. P. 33.1(a).

Aside from the severity of the alleged misconduct or the measures adopted to cure the misconduct, the third *Mosley* factor focusing on the certainty of the punishment assessed absent the misconduct clearly weighs against appellant. As noted previously, the effective range of incarceration spanned eighteen months. With respect to the underlying offense, appellant pleaded guilty to possessing .51 grams of methamphetamine, an amount that is one-half of the maximum amount of one gram for a state jail felony of possessing a Penalty Group One substance. Appellant testified that he began using methamphetamine in 2004 and that he had last used methamphetamine three weeks prior to his arrest on December 31, 2007. He also had both used and unused syringes in his car at the time of his arrest that he had used/possessed for methamphetamine use. Accordingly, appellant's possession of the particular methamphetamine leading to his conviction was not a single, isolated event. Furthermore, appellant also testified that he had four prior convictions for burglary of a habitation occurring in 1994 and two assault

5

convictions occurring in 2006 and 2007.[3] There is little doubt that appellant's lengthy criminal record served as an independent basis for the jury to assess a maximum period of incarceration.

The trial court did not abuse its discretion in overruling appellant's motions for mistrial. Appellant's sole issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

December 23, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[3]Appellant was originally placed on deferred adjudication for the four burglary offenses. His term of deferred adjudication was revoked based upon appellant testing positive for methamphetamine use in 2004.