Opinion filed December 23,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00040-CR

                                                    __________

 

           SEAN CORY
GENZER A/K/A SEAN C. GENZER, Appellant

                                                             V.

                                     STATE
OF TEXAS,  Appellee



 

                                   On
Appeal from the 355th District Court

                                                             Hood
County, Texas

                                                   Trial
Court Cause No. CR10852

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Sean Cory Genzer a/k/a Sean C. Genzer entered an open plea of guilty to the offense of
possessing less than one gram of methamphetamine, a state jail felony.  Tex. Health & Safety Code Ann. §§ 481.102(6),
481.115(a), (b) (Vernon 2010).  The jury assessed his punishment at confinement
for a term of twenty-four months in the State Jail Division of the Texas
Department of Criminal Justice.  The jury also imposed a fine of $5,000.  Appellant
challenges his sentence in a single issue.  We affirm.

Analysis

Appellant
asserts in his sole issue that the trial court erred in overruling his two
motions for mistrial based upon his allegation of improper jury arguments by
prosecutors.[1] 
Appellant contends that he was harmed by the prosecutors’ improper arguments
and the trial court’s refusal to grant his motions for mistrial because he
received a maximum sentence of incarceration.  The applicable range of
incarceration for appellant’s offense was confinement in a state jail for any
term of not more than two years or less than 180 days.  Tex. Penal Code Ann. § 12.35(a) (Vernon Supp. 2010).[2]

When the trial court sustains a defense objection to the State’s closing argument and
grants the requested instruction to disregard, the issue is whether the trial
court abused its discretion by denying the motion for mistrial. Archie v.
State, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); Hawkins v. State,
135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004). The reviewing court should uphold
the trial court’s ruling if it was within the zone of reasonable disagreement. Archie,
221 S.W.3d at 699.  Almost any improper argument may be cured by an instruction
to disregard. Dinkins v. State, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995). 
Only in extreme circumstances, where the prejudice is incurable, will a
mistrial be required.  Hawkins, 135 S.W.3d at 77. A mistrial is the
trial court’s remedy for improper conduct that is so prejudicial that
expenditure of further time and expense would be wasteful and futile.  Id.

Whether
a mistrial should have been granted involves most, if not all, of the
considerations that attend a harm analysis.  Id.  A reviewing court
balances the following three factors first enunciated in Mosley v. State,
983 S.W.2d 249, 259 (Tex. Crim. App. 1998):  (1) the severity of the misconduct
(the magnitude of the prejudicial effect of the prosecutor’s remarks); (2) the
measures adopted to cure the misconduct (the efficacy of any cautionary
instruction by the trial judge); and (3) the certainty of the punishment
assessed absent the misconduct.  See Martinez v. State, 17 S.W.3d 677,
693 (Tex. Crim. App. 2000).

Appellant
cites five instances wherein he alleges that the prosecutors engaged in
improper jury argument.  The first two instances cited by appellant involve
claims that the prosecutors injected matters not raised by the evidence into
the case.  The challenged argument consisted of the following:

            [PROSECUTOR]: 
I will agree with [Defense Counsel], don’t give him a fine.  Because you know
what?  Who’s going to pay it?  His mother.  Okay.  Just like she’s paid for his
attorney, just like she probably paid for his restitution, just like she’s paid
--

 

            [DEFENSE
COUNSEL]:  Pardon me, Your Honor.  That’s outside the record.  That’s improper.

 

            THE
COURT:  I’ll allow the argument.

 

            [DEFENSE
COUNSEL]:  Judge, there’s no evidence that his mother paid any restitution. 
That’s clearly outside the record.

 

            THE
COURT:  Overruled.

 

            [DEFENSE
COUNSEL]:  Thank you, Your Honor.

 

            [PROSECUTOR]: 
Ms. -- you also have the criminal. Okay?  Remember, if he would have done this
in a vacuum without ever having done anything else, he -- would be here with
the same punishment range.  Okay? But he hadn’t done that without doing
anything else.  You also consider the criminal, the person who has done this
crime, and he has four burglary convictions, he has two assault convictions, he
has a DWLI, which I could care less if you take that into consideration, but
the reality of the thing is that he has a history, a severe history, he has an
aggravated assault where he told you he stabbed somebody, and the only version
of the --

 

            [DEFENSE
COUNSEL]:  Excuse me, Judge.  That’s clearly outside the record.  He does not
have an aggravated assault.  That’s a Class A misdemeanor.  It’s improper
argument.

 

            THE
COURT:  Sustained.

 

            [DEFENSE
COUNSEL]:  Ask that the Court instruct the jury to disregard the comment of the
prosecutor.

 

            THE
COURT:  Disregard the comment about the aggravated assault.

 

            [DEFENSE
COUNSEL]:  Move for mistrial, Your Honor.

 

            THE
COURT:  Overruled.

 

            [PROSECUTOR]: 
I was not saying that he had a conviction, I was saying that he admitted to you
that he had this case where he was arrested for aggravated assault where he
stabbed somebody, then he pled it down to 45 days on a misdemeanor.  He got a
sweetheart deal.

 

With
respect to the argument that appellant’s mother would probably be paying a fine
assessed by the jury, the State contends that appellant cannot use this
argument as a basis for seeking a mistrial because it did not serve as a basis
for one of the motions for mistrial.  We agree.  However, appellant did not
waive error regarding the argument because he obtained an adverse ruling on his
objection.  Archie, 221 S.W.3d at 699 (To preserve error in
prosecutorial argument, a defendant must pursue to an adverse ruling his
objection to jury argument.).  Nevertheless, the trial court did not err in
overruling appellant’s objection to the argument.  The approved general areas of argument are (1) summation of the evidence; (2) reasonable deduction
from the evidence; (3) answer to argument of opposing counsel; and (4) plea for
law enforcement. Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).
 There is evidence that appellant’s mother paid for his attorney in this case
and in prior cases.  The prosecutor’s argument concerning the payment of a fine
assessed by the jury as well as the statement that appellant’s mother had
probably paid his restitution in the past constituted a reasonable deduction drawn
from the evidence.

The
trial court agreed with appellant’s objection to the argument concerning the
aggravated assault.   The severity of the misconduct associated with the
prosecutor’s argument is not particularly strong given the fact that appellant
testified that he had been arrested for aggravated assault based upon his act
of stabbing someone.  Furthermore, the trial court promptly gave an instruction
to the jury to disregard the argument, and the prosecutor subsequently
clarified that he was only referencing the fact that appellant had been arrested
for aggravated assault.

           The other three instances challenged by appellant involved the
prosecutors making reference to Hood County during closing argument:

            [PROSECUTOR]: 
Ladies and Gentlemen, in Hood County -- we’re not Tarrant County.  Okay?  We
don’t give people who burglarize houses two years in prison.

 

            [DEFENSE
COUNSEL]:  Pardon me, Judge.  That’s not relevant, and that’s improper
argument.

 

            THE
COURT:  Sustained.

 

            [DEFENSE
COUNSEL]:  I ask the Court to instruct the jury to disregard.

 

            THE
COURT:  Disregard that last statement.

 

            [DEFENSE
COUNSEL]:  Move for mistrial, Your Honor.

 

            THE
COURT:  Overruled.

 

                       
. . . .

 

            [PROSECUTOR]: 
So what is he deserving of?  What do we allow in Hood County?

 

           
. . . .

 

            [PROSECUTOR]: 
[I]f you come down here to Hood County, we don’t give out sweetheart deals, we
hold people accountable for their actions, especially with a record like the
Defendant’s.

 

Appellant
contends that these arguments are improper because they urged the jury to
assess his punishment based upon community expectations.  See Cortez v. State, 683 S.W.2d 419, 420 (Tex. Crim. App. 1984) (holding that argument
that only life imprisonment “would be any satisfaction at all to the people of
this county” was improper plea for jury to heed expectations of community). 
The State argues that appellant waived error regarding these arguments by not
objecting to each instance when the prosecutors made reference to Hood County. 
We agree.  To preserve error, a party is required to continue to object each
time an objectionable argument is made.  Dickerson v. State, 866 S.W.2d
696, 699 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d); see Ethington v.
State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991).  After the trial court
overruled appellant’s motion for mistrial, the prosecutors made at least two
additional references to Hood County that appellant did not challenge.  By not
renewing his objection, appellant did not preserve error for our review. Dickerson,
866 S.W.2d at 699; see also Tex. R.
App. P. 33.1(a).

            Aside
from the severity of the alleged misconduct or the measures adopted to cure the
misconduct, the third Mosley factor focusing on the certainty of the
punishment assessed absent the misconduct clearly weighs against appellant.  As
noted previously, the effective range of incarceration spanned eighteen
months.  With respect to the underlying offense, appellant pleaded guilty to
possessing .51 grams of methamphetamine, an amount that is one-half of the
maximum amount of one gram for a state jail felony of possessing a Penalty
Group One substance.  Appellant testified that he began using methamphetamine
in 2004 and that he had last used methamphetamine three weeks prior to his
arrest on December 31, 2007.  He also had both used and unused syringes in his
car at the time of his arrest that he had used/possessed for methamphetamine
use.  Accordingly, appellant’s possession of the particular methamphetamine
leading to his conviction was not a single, isolated event.  Furthermore, appellant
also testified that he had four prior convictions for burglary of a habitation
occurring in 1994 and two assault convictions occurring in 2006 and 2007.[3]
 There is little doubt that appellant’s lengthy criminal record served as an
independent basis for the jury to assess a maximum period of incarceration.

            The
trial court did not abuse its discretion in overruling appellant’s motions for
mistrial.  Appellant’s sole issue is overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

            

                                                                                    

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

December 23, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.

 









[1]Two prosecutors presented closing arguments on behalf
of the State. Appellant complains about arguments made by both prosecutors.





[2]Appellant’s prior felony convictions precluded him from
being eligible for either mandatory community supervision or discretionary
community supervision recommended by the jury.  Tex. Code Crim. Proc. Ann. art. 42.12, §§ 4(e), 15(a) (Vernon
Supp. 2010).





[3]Appellant was originally placed on deferred
adjudication for the four burglary offenses.  His term of deferred adjudication
was revoked based upon appellant testing positive for methamphetamine use in
2004.