NO. 07-10-00421-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



AUGUST
19, 2011

 



 

FRISCO DEWAYNE TUCKER, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 43RD DISTRICT COURT OF
PARKER COUNTY;

 

NO. CR09-0704; HONORABLE DON CHRESTMAN, JUDGE



 



 

Before CAMPBELL  and HANCOCK, JJ. and BOYD, S.J.

 

 

MEMORANDUM OPINION

 

            Appellant
Frisco Dewayne Tucker entered an open plea of guilty to robbery[1]
and the trial court sentenced him to fifteen years in prison.  Through one issue, appellant asserts the
trial court erred by failing to grant a mistrial based on the claimed improper
argument of the prosecutor.  We will
affirm.

 

Background

            Appellant
does not challenge the sufficiency of the evidence so we will discuss only
those facts necessary to our disposition of this appeal.  Appellant entered a bank and presented the
teller a handwritten note stating this “is a bank robbery” and demanding
money.  The teller responded by handing
appellant approximately $1,700 cash. 

Appellant left the bank and a search
by law enforcement ensued.  After a
surveillance video from the bank was released to the media, a Crime Stopper’s
tip identified appellant as a possible suspect. 
A fingerprint on the note matched appellant’s and officers obtained a
warrant to search his apartment.  There
they located clothing like that worn by the bank robber.  During the search, appellant arrived at the
apartment and was arrested pursuant to a warrant.  Appellant provided officers a video statement
which was received in evidence at a pre-trial suppression hearing and at
trial.  Appellant presented three
witnesses in mitigation of punishment. 
Appellant did not testify but was placed under oath and stated in open
court he did not wish to testify.

            The
following exchange occurred near the end of the State’s rebuttal argument on
punishment:  

Prosecutor:    And then one thing
just real briefly with regard to his age. 
Yes, he is young.  No
question.  But a lot of other young
people that say, “I’m sorry.  I made a
mistake.  I’m sorry.  I feel awful about it.  I’m sorry, I was young and stupid,” or even
“I had a drug problem and I’m sorry.”  I
have yet to hear one word of remorse or apology from this defendant either on
that video or from one of these other witnesses--

Defense Counsel:   I’m going to
object, Your Honor, commenting on the defendant’s failure to testify in the
case.

Prosecutor:    And Judge, I
certainly didn’t mean to give that indication. 
If I did, I withdraw that.  But--

The Court:     All right.  The objection is sustained.  I will consider it withdrawn.

Prosecutor:    Judge, what I’m
saying to you is that we heard from two people who were close to him who talked
about talking about that with him, about the robbery with him.  We heard from him on the video for two hours,
and there was no remorse and there was no apology for any--

Defense Counsel:   Judge, I’m
going--

Prosecutor:    Judge--

Defense Counsel:   --to have to
object at this time also for the same reasons. 
This is another comment on failure to testify.  It’s in violation of the previous order of
the court on previous objection.  And
it’s going to trigger the requirement for a mistrial.  In addition, other people cannot offer remorse
of the defendant.  That’s not admissible
evidence.

The Court:     I’ve already
sustained the objection.  I’m not going
to consider it.  I’m going to consider it
withdrawn.

Defense Counsel:   And the mistrial
is denied?

The Court:     Denied.

Defense Counsel:   Thank you, Your
Honor. 

Prosecutor:    Judge, my point is we
listened to that tape.  And you can’t
hear it on that tape because it’s not there. 
And that’s something I think the court needs to consider.

The Court:     All right.  Thank you. 
All right.  Please stand.  

The court then imposed
sentence on appellant.  Appellant now
appeals.

 

 

Analysis

            Through
one issue, appellant asserts the trial court reversibly erred by denying his
motion for mistrial.

We turn first to the State’s argument
that appellant’s issue was not preserved for our review.  As noted, after the trial court’s denial of
appellant’s motion for mistrial, the prosecutor continued:

“Judge, my point is we listened to that tape.  And you can’t hear it on that tape because
it’s not there.  And that’s something I
think the court needs to consider.”

Although the argument reiterated the
prosecutor’s claim appellant failed to express remorse in his recorded
statement, no further objection was made.

To preserve error to an improper jury
argument, a party must pursue an objection to an adverse ruling.  Cockrell
v. State, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996).  Preservation also requires a party object to
each occurrence of improper argument.  Dickerson v. State, 866 S.W.2d 696, 699
(Tex.App.--Houston [1st Dist.] 1993, pet. refused) (citing Ethington v. State, 819 S.W.2d 854, 858 (Tex.Crim.App. 1991)).  We agree with the State that by not renewing
his objection when the prosecutor again referred to a claimed absence of
expressed remorse in appellant’s statement, appellant forfeited his appellate
complaint.  Dickerson, 866 S.W.2d at 699; Tex. R. App. P. 33.1(a).

Moreover, even if we are mistaken in
our holding regarding preservation, there are other reasons we would not
reverse the court’s judgment for failure to grant a mistrial.  “A mistrial is a device used to halt trial
proceedings when error is so prejudicial that expenditure of further time and
expense would be wasteful and futile. 
Thus, a trial court may properly exercise its discretion to declare a
mistrial if an impartial verdict cannot be reached, or if a verdict of
conviction could be reached but would have to be reversed on appeal due to an
obvious procedural error.”  Ladd v. State, 3 S.W.3d 547, 567
(Tex.Crim.App. 1999).  “[T]he question of
whether a mistrial should have been granted involves most, if not all, of the
same considerations that attend a harm analysis. . . .  In effect, the trial court conducts an
appellate function: determining whether improper conduct is so harmful that the
case must be redone.”  Hawkins v. State, 135 S.W.3d 72, 77
(Tex.Crim.App. 2004).  To determine if
the trial court abused its discretion in denying a motion for mistrial, we
balance three factors: (1) the severity of the misconduct (prejudicial effect),
(2) curative measures, and (3) the certainty of the punishment assessed absent
the misconduct (likelihood of the same punishment being assessed).  Id.


Severity of the misconduct.  The prosecutor
pointed to the failure of appellant to express remorse or apology during his
video statement or to elicit testimony of such from his witnesses.  But the trial court was not required to
consider the prosecutor’s argument as referring to appellant’s failure to
testify at trial.  Rather, the court
could have regarded his assertion to concern the content of a piece of
evidence, appellant’s statement, and the testimony of his witnesses.  See
Wolfe v. State, 917 S.W.2d 270, 280 (Tex.Crim.App. 1996) (citing Lopez v. State, 170 Tex. Crim. 208, 339
S.W.2d 906, 910-911 (Tex.Crim.App. 1960) (“A reference to the defendant ‘not
telling everything’ where the prosecutor was discussing a written statement
made by the defendant has been held not to be a comment on the failure to
testify but a reference to the written statement”).  Further, it is not improper for the
prosecutor to comment on a defendant’s failure to produce testimony from
witnesses other than the defendant.  See Wolfe, 917 S.W.2d at 279 (“A prosecutor cannot comment on
the lack of evidence presented where that comment necessarily refers to the
defendant’s failure to testify, but language that can reasonably be construed
as a failure to present evidence other than the defendant’s testimony is not a
comment on the failure to testify”).  

Curative measures.  This was a bench trial.  It was once presumed in bench trials that the
trial court did not consider improper argument. 
Juarez v. State, 439 S.W.2d
346, 347 (Tex.Crim.App. 1969).  Even if
we may no longer engage in that presumption, cf. Gipson v. State, 844 S.W.2d 738, 740-41 (Tex.Crim.App. 1992)
(presumption that court in bench trial did not consider improper evidence
abolished as issue now subsumed in harm analysis), the trial court sustained
appellant’s objection, considered the prosecutor’s statement withdrawn, and
afforded it no consideration.  On this
record, even assuming some impropriety of argument, the remedial measures of
the trial court were sufficient to ameliorate any harm.[2]  

Effect on punishment.  Appellant plead guilty to bank
robbery.  Punishment evidence showed he
had prior convictions for burglary of a vehicle, larceny (in Oklahoma), and
credit card abuse.  There was also
evidence that appellant threatened to “kill” and “beat to death” an officer
attempting to execute a warrant for his arrest. Appellant’s punishment was
within the range authorized by statute, and was not at the high end of the
range.  Appellant has not demonstrated
from the record how the prosecutor’s argument affected his punishment.

            We
see no abuse of discretion in the trial court’s denial of appellant’s motion
for a mistrial.  For these reasons,
appellant’s sole issue is overruled, and the judgment of the trial court is
affirmed.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not
publish.

 

 











[1] Tex. Penal Code Ann. § 29.02(a)(2) (West 2003).  Robbery is a second-degree felony carrying a
punishment range of confinement for any term of not more than 20 years or less
than 2 years.  Tex. Penal Code Ann. §
12.33(a) (West Supp. 2011).  Punishment
may also include a fine of not more than $10,000.  Id.
at § 12.33(b).





[2] The error in commenting on a defendant’s refusal to
testify arises from the Fifth Amendment right of an accused to remain
silent.  Sheffield v. State, No. 06-07-0116-CV, 2008 Tex. App. Lexis 3617,
at *16-*18 (Tex.App.--Texarkana May 21, 2008, no pet.) (mem. op. not designated
for publication) (citing Griffin v.
California, 380 U.S. 609, 613, 85 S.Ct. 1229, 14 L.Ed. 2d 106 (1965)); see U.S. Const. amend. V; Tex. Code
Crim. Proc. Ann. art. 38.08 (West 2005). 
In a jury trial, only the most blatant comments on the failure of a
defendant to testify are incurable by instruction.  Moore
v. State, 999 S.W.2d 385, 405-06 (Tex.Crim.App. 1999) (quoting Dinkins v. State, 894 S.W.2d 330, 356
(Tex.Crim.App. 1995)).  Here there was no
jury to instruct, but we have no doubt the trial court was well aware of the
constitutional and statutory protection from self-incrimination.  And the comments of the prosecutor, even if
improper, are hardly blatant transgressions of appellant’s right to remain
silent.