NO. 07-10-00421-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 19, 2011

FRISCO DEWAYNE TUCKER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY;

NO. CR09-0704; HONORABLE DON CHRESTMAN, JUDGE

Before CAMPBELL  and HANCOCK, JJ. and BOYD, S.J.

**MEMORANDUM OPINION**

Appellant Frisco Dewayne Tucker entered an open plea of guilty to robbery[1] and the trial court sentenced him to fifteen years in prison.  Through one issue, appellant asserts the trial court erred by failing to grant a mistrial based on the claimed improper argument of the prosecutor.  We will affirm.

---

[1] Tex. Penal Code Ann. § 29.02(a)(2) (West 2003).  Robbery is a second-degree felony carrying a punishment range of confinement for any term of not more than 20 years or less than 2 years.  Tex. Penal Code Ann. § 12.33(a) (West Supp. 2011). Punishment may also include a fine of not more than $10,000.  *Id.* at § 12.33(b).

## Background

Appellant does not challenge the sufficiency of the evidence so we will discuss only those facts necessary to our disposition of this appeal. Appellant entered a bank and presented the teller a handwritten note stating this "is a bank robbery" and demanding money. The teller responded by handing appellant approximately $1,700 cash.

Appellant left the bank and a search by law enforcement ensued. After a surveillance video from the bank was released to the media, a Crime Stopper's tip identified appellant as a possible suspect. A fingerprint on the note matched appellant's and officers obtained a warrant to search his apartment. There they located clothing like that worn by the bank robber. During the search, appellant arrived at the apartment and was arrested pursuant to a warrant. Appellant provided officers a video statement which was received in evidence at a pre-trial suppression hearing and at trial. Appellant presented three witnesses in mitigation of punishment. Appellant did not testify but was placed under oath and stated in open court he did not wish to testify.

The following exchange occurred near the end of the State's rebuttal argument on punishment:

> Prosecutor: And then one thing just real briefly with regard to his age. Yes, he is young. No question. But a lot of other young people that say, "I'm sorry. I made a mistake. I'm sorry. I feel awful about it. I'm sorry, I was young and stupid," or even "I had a drug problem and I'm sorry." I have yet to hear one word of remorse or apology from this defendant either on that video or from one of these other witnesses--

2

Defense Counsel: I'm going to object, Your Honor, commenting on the defendant's failure to testify in the case.

Prosecutor: And Judge, I certainly didn't mean to give that indication. If I did, I withdraw that. But--

The Court: All right. The objection is sustained. I will consider it withdrawn.

Prosecutor: Judge, what I'm saying to you is that we heard from two people who were close to him who talked about talking about that with him, about the robbery with him. We heard from him on the video for two hours, and there was no remorse and there was no apology for any--

Defense Counsel: Judge, I'm going--

Prosecutor: Judge--

Defense Counsel: --to have to object at this time also for the same reasons. This is another comment on failure to testify. It's in violation of the previous order of the court on previous objection. And it's going to trigger the requirement for a mistrial. In addition, other people cannot offer remorse of the defendant. That's not admissible evidence.

The Court: I've already sustained the objection. I'm not going to consider it. I'm going to consider it withdrawn.

Defense Counsel: And the mistrial is denied?

The Court: Denied.

Defense Counsel: Thank you, Your Honor.

Prosecutor: Judge, my point is we listened to that tape. And you can't hear it on that tape because it's not there. And that's something I think the court needs to consider.

The Court: All right. Thank you. All right. Please stand.

The court then imposed sentence on appellant. Appellant now appeals.

3

Analysis

Through one issue, appellant asserts the trial court reversibly erred by denying his motion for mistrial.

We turn first to the State's argument that appellant's issue was not preserved for our review. As noted, after the trial court's denial of appellant's motion for mistrial, the prosecutor continued:

"Judge, my point is we listened to that tape. And you can't hear it on that tape because it's not there. And that's something I think the court needs to consider."

Although the argument reiterated the prosecutor's claim appellant failed to express remorse in his recorded statement, no further objection was made.

To preserve error to an improper jury argument, a party must pursue an objection to an adverse ruling. *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App. 1996). Preservation also requires a party object to each occurrence of improper argument. *Dickerson v. State,* 866 S.W.2d 696, 699 (Tex.App.--Houston [1st Dist.] 1993, pet. refused) (citing *Ethington v. State,* 819 S.W.2d 854, 858 (Tex.Crim.App. 1991)). We agree with the State that by not renewing his objection when the prosecutor again referred to a claimed absence of expressed remorse in appellant's statement, appellant forfeited his appellate complaint. *Dickerson,* 866 S.W.2d at 699; Tex. R. App. P. 33.1(a).

Moreover, even if we are mistaken in our holding regarding preservation, there are other reasons we would not reverse the court's judgment for failure to grant a

mistrial. "A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. Thus, a trial court may properly exercise its discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error." *Ladd v. State,* 3 S.W.3d 547, 567 (Tex.Crim.App. 1999). "[T]he question of whether a mistrial should have been granted involves most, if not all, of the same considerations that attend a harm analysis. . . . In effect, the trial court conducts an appellate function: determining whether improper conduct is so harmful that the case must be redone." *Hawkins v. State,* 135 S.W.3d 72, 77 (Tex.Crim.App. 2004). To determine if the trial court abused its discretion in denying a motion for mistrial, we balance three factors: (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct (likelihood of the same punishment being assessed). *Id.*

*Severity of the misconduct.* The prosecutor pointed to the failure of appellant to express remorse or apology during his video statement or to elicit testimony of such from his witnesses. But the trial court was not required to consider the prosecutor's argument as referring to appellant's failure to testify at trial. Rather, the court could have regarded his assertion to concern the content of a piece of evidence, appellant's statement, and the testimony of his witnesses. *See Wolfe v. State,* 917 S.W.2d 270, 280 (Tex.Crim.App. 1996) (citing *Lopez v. State,* 170 Tex. Crim. 208, 339 S.W.2d 906, 910-911 (Tex.Crim.App. 1960) ("A reference to the defendant 'not telling everything' where the prosecutor was discussing a written statement made by the defendant has

5

been held not to be a comment on the failure to testify but a reference to the written statement"). Further, it is not improper for the prosecutor to comment on a defendant's failure to produce testimony from witnesses other than the defendant. *See Wolfe,* 917 S.W.2d at 279 ("A prosecutor cannot comment on the lack of evidence presented where that comment necessarily refers to the defendant's failure to testify, but language that can reasonably be construed as a failure to present evidence other than the defendant's testimony is not a comment on the failure to testify").

*Curative measures.* This was a bench trial. It was once presumed in bench trials that the trial court did not consider improper argument. *Juarez v. State,* 439 S.W.2d 346, 347 (Tex.Crim.App. 1969). Even if we may no longer engage in that presumption, *cf. Gipson v. State,* 844 S.W.2d 738, 740-41 (Tex.Crim.App. 1992) (presumption that court in bench trial did not consider improper evidence abolished as issue now subsumed in harm analysis), the trial court sustained appellant's objection, considered the prosecutor's statement withdrawn, and afforded it no consideration. On this record, even assuming some impropriety of argument, the remedial measures of the trial court were sufficient to ameliorate any harm.[2]

---

[2] The error in commenting on a defendant's refusal to testify arises from the Fifth Amendment right of an accused to remain silent. *Sheffield v. State,* No. 06-07-0116-CV, 2008 Tex. App. Lexis 3617, at *16-*18 (Tex.App.--Texarkana May 21, 2008, no pet.) (mem. op. not designated for publication) (citing *Griffin v. California,* 380 U.S. 609, 613, 85 S.Ct. 1229, 14 L.Ed. 2d 106 (1965)); *see* U.S. Const. amend. V; Tex. Code Crim. Proc. Ann. art. 38.08 (West 2005). In a jury trial, only the most blatant comments on the failure of a defendant to testify are incurable by instruction. *Moore v. State,* 999 S.W.2d 385, 405-06 (Tex.Crim.App. 1999) (quoting *Dinkins v. State,* 894 S.W.2d 330, 356 (Tex.Crim.App. 1995)). Here there was no jury to instruct, but we have no doubt the trial court was well aware of the constitutional and statutory protection from self-

*Effect on punishment.* Appellant plead guilty to bank robbery. Punishment evidence showed he had prior convictions for burglary of a vehicle, larceny (in Oklahoma), and credit card abuse. There was also evidence that appellant threatened to "kill" and "beat to death" an officer attempting to execute a warrant for his arrest. Appellant's punishment was within the range authorized by statute, and was not at the high end of the range. Appellant has not demonstrated from the record how the prosecutor's argument affected his punishment.

We see no abuse of discretion in the trial court's denial of appellant's motion for a mistrial. For these reasons, appellant's sole issue is overruled, and the judgment of the trial court is affirmed.

James T. Campbell
Justice

Do not publish.

---

incrimination. And the comments of the prosecutor, even if improper, are hardly blatant transgressions of appellant's right to remain silent.