**Arturo MORALES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 08–98–00064–CR.**

Court of Appeals of Texas,
El Paso.

Jan. 27, 2000.

Louis Elias Lopez, El Paso, for Appellant.

Jaime E. Esparza, Dist. Atty., Tom A. Darnold, Asst. Dist. Atty., El Paso, for State.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## O P I N I O N

SUSAN LARSEN, Justice.

Arturo Morales appeals from his convictions for five counts of misdemeanor forgery and three counts of felony tampering with a governmental record. The jury found Morales guilty and assessed punishment at one year community supervision and an $800 fine on each forgery count and two years' community supervision and a $1,000 fine on each count of tampering with a governmental record. We affirm.

### FACTS

In December 1995, Morales was the duly elected Constable for Precinct 3 of El Paso County, Texas. Kenneth Sutherland, Democratic Party chairperson at the time, testified that for a candidate to be placed on the ballot, an office seeker was required to either pay the requisite filing fee or submit a petition containing a certain number of signatures. The deadline for submitting the petition in lieu of filing fee was 6 p.m. on January 2, 1996. On that date, appellant submitted a petition in lieu of filing fee to Sutherland in order to be placed on the ballot for re-election.

Hector Bernal testified that he had entered the Democratic primary race for Precinct 3 Constable. On January 2, 1996, he examined appellant's petition after the time had elapsed for filing. He noticed some irregularities in Morales' fifty-page petition. Bernal saw that some of the voters who were on the petition had not actually signed it. Bernal filed a complaint with the police department and their subsequent investigation revealed that some of the signatures on appellant's petition had been forged.

Allan Keown, a handwriting expert, testified that he compared the signatures on the first six pages of appellant's petition with the known writing of Emma Amaro, Morales' campaign chairperson. He concluded that Amaro had signed the names of the voters shown on the first six pages of appellant's petition. Regarding the remaining forty-four pages of the petition, Morales and one of his deputy constables were seen filling out a number of the pages of the petition. Numerous voters whose names appeared on the petition testified that they did not sign the petition and they did not give permission for anyone to sign the petition for them. Morales admitted to one of his former deputies that he knew that there were forged signatures on the petition, but that "[y]ou're not a criminal until you get caught."

### EVIDENCE THAT MORALES USED GOVERNMENTAL RECORD

■ In Issue One, Morales asserts that the evidence was legally insufficient because the State failed to prove that he used a governmental record. Specifically, he asserts that at the time he "used" the petition in lieu of filing fee, the petition was not a governmental record in that the word "use," in the tampering with governmental record statute, contemplates one specific use and does not encompass "continual" use. Morales also contends that the State charged him with violating the wrong section of the tampering with a governmental record statute. He does not challenge the sufficiency of evidence regarding the forgery convictions.

Morales was charged with violating Section 37.10(a)(5) of the Texas Penal Code which states that a person commits an offense if he "makes, presents, or uses a governmental record with knowledge of its falsity."[1] In the application paragraph in the court's charge to the jury, appellant was charged only with use of a governmental record with knowledge of its falsity.

Morales cites *Constructors Unlimited, Inc. v. State*[2] to support his contention that the petition was not a governmental record at the time appellant falsified the signatures. That case, however, did not address the particular statutory provision alleged by the State. We have been unable to find any case authority addressing the issue of what constitutes "use." The State maintains that even if the petition was not a governmental record when it was falsified, it became a governmental record after it was accepted by Sutherland and Morales continued to use the record afterward to maintain his position on the ballot. We agree. Sutherland was required to accept the petition at which time it became a governmental record. Morales then used the petition to fraudulently induce Sutherland into performing an act he would not have otherwise performed-certifying appellant as a candidate and placing appellant's name on the ballot.

Morales also contends that while the State may have proved that appellant used a document with knowledge of its falsity and with intent that it be taken as a genuine governmental record in violation of Texas Penal Code Section 37.10(a)(2)[3], it did not establish that appellant was guilty of the charged offense. However, the evidence did not necessarily show that appellant was trying to pass off an illicit petition as a genuine governmental record. Instead, he was continually using a governmental record after it had been submitted to Sutherland to fraudulently secure a place on the ballot. We conclude the State met its burden in proving a violation of the charged infraction. Issue One is overruled.

### *JURY ARGUMENT*

■ In Issues Two and Three, Morales maintains that the prosecutor utilized improper jury argument. In Issue Two, appellant urges that the court should have granted a mistrial when the prosecutor argued that defense counsel's job was to create reasonable doubt where there was none. In Issue Three, appellant asserts that the court should have granted appellant's motion for mistrial when the prosecutor suggested that if the State had brought in more witnesses to testify, Morales would have complained about that procedure. Proper jury argument consists of: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) a plea for law enforcement.[4]

■ Regarding the first argument, while the prosecutor may attack the argument of defense counsel, attacks on the personal integrity of defense counsel are improper.[5] If an argument does not accuse counsel of fabricating evidence but only accuses counsel of manufacturing reasonable doubt, the argument is proper.[6] Accordingly, we do not find merit in this contention.

---

**1.** *See* Tex. Penal Code Ann. § 37.10(a)(5) (Vernon 1994).

**2.** 717 S.W.2d 169 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd).

**3.** Tex. Penal Code Ann. § 37.10(a)(2) (Vernon 1994).

**4.** *Alejandro v. State,* 493 S.W.2d 230, 231–32 (Tex.Crim.App.1973).

**5.** *See Mosley v. State,* 983 S.W.2d 249, 258–59 (Tex.Crim.App.1998) (opin. on reh'g), *cert. denied,* —— U.S. ——, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999).

**6.** *Tilbury v. State,* 890 S.W.2d 219, 224 (Tex. App.—Fort Worth 1994, no pet.).

■ With regard to the second argument, we note that defense counsel during his argument attacked the fact that the State had called only a small fraction of the person's names who were on the petition. We find that the prosecutor's argument was a proper response to opposing argument.[7] Issues Two and Three are overruled.

■ In Issue Four, appellant contends that the prosecutor utilized improper jury argument by implying that Morales had stolen the original petition. At trial, the evidence revealed that Kenneth Sutherland went with Hector Bernal to make copies of the petition. Sutherland then took the original petition and placed in on his desk. The original petition then disappeared. Sutherland testified that before the original petition was found to be missing, both Bernal and Morales had unsupervised access to the office.

During argument at the punishment stage of trial, counsel asked for probation stating there had been no evidence that engaged in any other kind of wrongdoing. The prosecutor responded that appellant may have removed the original petition from party headquarters. Defense counsel objected on the grounds that the argument was outside the record and was not a reasonable inference from the record. The court overruled the objection. The prosecutor then stated that it was a reasonable inference from the evidence that Morales stole the petitions to obstruct the investigation. Morales objected and the court sustained the objection and instructed the jury to disregard the statement. The court overruled appellant's motion for mistrial. The prosecutor then argued that appellant had tried to prevent the wheels of justice from getting him by stealing the petition. The court overruled the objection.

■ With regard to the first and third arguments, we find that they constituted a reasonable deduction from the evidence.[8] Furthermore, reference to an extrinsic offense does not constitute reversible error absent a specific request by the prosecutor that the jury punish the accused for that extrinsic offense.[9]

■ Regarding the remaining argument, an instruction to disregard cures any error unless the improper argument was extreme.[10] This rule applied to arguments which place an extraneous offense before the jury at the punishment stage. As such, we overrule Issue Four.

### BEST EVIDENCE

■ In Issue Five, appellant argues that the court violated the best evidence rule by admitting copies of the original petition when the authenticity of the documents were in question. Particularly, appellant asserts that because the authenticity of the copy was in question, that copy was not admissible in place of the original.

A duplicate of a document is admissible into evidence unless: (1) a question is raised as to the authenticity of the original; or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.[11] Also, Texas Rule of Evidence 1004 [12] allows admission of the duplicate if the original has been lost or destroyed, unless the proponent of the evidence lost or destroyed the original in bad faith, or, when the original is in the possession of the opponent, the opponent was put on

7. See *Villarreal v. State*, 860 S.W.2d 647, 650 (Tex.App.—Waco 1993, no pet.).

8. See *Casarez v. State*, 857 S.W.2d 779, 788 (Tex.App.—Fort Worth 1993), *aff'd on other grounds*, 913 S.W.2d 468 (Tex.Crim.App. 1995) (opin. on reh'g).

9. *Id.*

10. See *Ransom v. State*, 920 S.W.2d 288, 303 (Tex.Crim.App.1996) (opin. on reh'g), *cert. denied*, 519 U.S. 1030, 117 S.Ct. 587, 136 L.Ed.2d 516 (1996).

11. See Tex.R. Evid. 1003.

12. Tex.R. Evid. 1004.

notice that the content of the writing would be an issue, and the opponent does not produce the original.[13]

Here, Hector Bernal testified that the copy was a true and correct copy of the original. There was not evidence to suggest otherwise. The court was within its discretion in admitting the copy.[14] Further, appellant's complaint is based upon a misunderstanding of Rule 1003 in that he is asserting that there was a question as to the authenticity of the copy. Rule 1003 provides that the copy is inadmissible if there is a question regarding the authenticity of the original. As there was no evidence that the copy was admitted in contravention of Rule 1004, we find appellant's contention to be without merit. Issue Five is overruled.

## MOTION TO SUPPRESS

In Issue Six, appellant asserts that the court erred in denying appellant's motion to suppress when the evidence demonstrated that the evidence was obtained illegally. Specifically, appellant states that Sutherland violated Sections 552.203 and 552.221 of the Government Code when he allowed copies of the petition to be made in the other office. Section 552.203 provides that a government officer shall: (1) make public records available for public inspection and copying; and (2) carefully protect public records from loss or unlawful removal.[15] Section 552.221 provides that the government officer complies with the duty to produce the records by: (1) providing the records for inspection or duplication in the offices of the governmental body; or (2) sending copies of the records to the requestor by mail.[16]

While it is questionable that Sutherland even violated these provisions, we need not address that point because we find that the Texas exclusionary rule was not implicated. A violation of law does not always implicate the provisions of Article 38.23; the primary purpose of Article 38.23(a) is to deter unlawful actions that violate the rights of a criminal suspect.[17] The State contends that the purpose of the Government Code provisions are in no way related to the protection of the rights of criminal suspects in that their purpose is to ensure that all persons have access to public documents. We agree. The purpose and intent of these provisions are in no way related to the prevention of unfair procurement of evidence of crimes.[18] Issue Six is overruled.

## EVIDENCE OF CO-DEFENDANT'S GUILTY PLEA

In Issue Seven, appellant asserts that the court erred in overruling his objection to a witness's statement that appellant's co-defendant had pleaded guilty. At trial, one of appellant's former deputy constables testified that he had spoken to appellant about his legal difficulties. The witness related that during a conversation with appellant, he mentioned that Emma Amaro had pleaded guilty. Appellant objected to the statement and the court sustained the objection and instructed the jury to disregard the comment. The court denied appellant's motion for a mistrial.

It is generally improper for the State to elicit evidence that a co-defendant

---

13. *See* Tex.R. Evid. 1004.

14. *See Acosta v. State*, 752 S.W.2d 706, 708–09 (Tex.App.—Corpus Christi 1988, pet. ref'd).

15. *See* Tex. Gov't Code Ann. § 552.203 (Vernon Supp.2000).

16. *See* Tex. Gov't Code Ann. § 552.221 (Vernon Supp.2000).

17. *See Carroll v. State*, 911 S.W.2d 210, 221 (Tex.App.—Austin 1995, no pet.).

18. *See Roy v. State*, 608 S.W.2d 645, 651 (Tex.Crim.App.1980); *Stockton v. State*, 756 S.W.2d 873, 874 (Tex.App.—Austin 1988, no pet.).

has been convicted or acquitted.[19] However, the trial court's instruction to disregard the statement was sufficient to cure any error.[20] Issue Seven is overruled.

## CONCLUSION

We affirm the judgment of the trial court.

---

**19.** *See Miller v. State*, 741 S.W.2d 382, 389 (Tex.Crim.App.1987), *cert. denied*, 486 U.S. 1061, 108 S.Ct. 2835, 100 L.Ed.2d 935 (1988).

**20.** *See Beasley v. State*, 838 S.W.2d 695, 703 (Tex.App.—Dallas 1992, pet. ref'd), *cert. denied*, 510 U.S. 969, 114 S.Ct. 451, 126 L.Ed.2d 384 (1993).