COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

EPIGMENIO VEGA, JR.,                                     )

                                                                              )              
No.  08-01-00034-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
282nd District Court

THE STATE OF TEXAS,                                     )

                                                                              )             
of Dallas County, Texas

Appellee.                           )

                                                                              )              
(TC# F-0002312-KS)

                                                                              )

 

 

O
P I N I O N

 

Epigmenio Vega,
Jr. was tried for murder.  The jury found
him guilty of the lesser offense of manslaughter, enhanced, and assessed a
thirty-eight-year prison sentence.  He
brings five issues on appeal.  We affirm.

The victim, Jose
Cruz Ayala, lived with Mary Buchanan. 
They shared their home with Mary=s
son, Albert Buchanan and his wife, Amy. 
The Appellant had two children by Mary=s
daughter, and he regularly lodged there to be close to his children who stayed
with their grandmother after school and on weekends.  








On December 11,
1999, one of Appellant=s
daughters had a birthday party.  After
the party ended at about 9 p.m., Ayala and Appellant began drinking beer in the
garage.  At about midnight, Ayala and
Albert Buchanan got into a fight.  Ayala
was punched in the eye before the fight was broken up by Amy Buchanan.  Apologies were made by the men, and everyone
except Ayala and Appellant went to bed; they went back to the garage to finish
drinking two 

eighteen-packs of beer. 

At about 5 a.m.,
Ayala went into his bedroom and got a bottle of vodka.  He told Mary Buchanan that he and Appellant
were in the garage listening to music. 
Ayala and Appellant instead left and drove around until they parked in
the front yard of Appellant=s
uncle, Sotero Fuentes, at 10616 Grove Oak Blvd. 
They started to argue and Ayala was stabbed twice in the chest.

At about 6:30
a.m., Francisco Nuñez, who lived at 10522 Grove Oak Blvd., was woken by a
commotion in his carport.  He looked out
a window but did not see anything. 
Minutes later, he heard a cry for help, went outside, and in the next
door neighbor=s front
yard, found Ayala.  Ayala was alive, but
not moving.  Mr. Nuñez immediately called
911 from the neighbor=s
house.  Ayala was taken to a hospital,
but died several hours later.

Appellant first
complains that the evidence is factually insufficient to support the jury=s finding of manslaughter and implicit
rejection of his self-defense claim. 
Section 9.31 of the Penal Code provides that A>a person is justified in using force
against another when and to the degree he reasonably believes the force is
immediately necessary to protect himself against the other=s use or attempted use of unlawful
force.=@ 
Boget v. State, 74 S.W.3d 23, 26 (Tex.Crim.App. 2002).








Self‑defense
is subject to a factual sufficiency review. 
See Shaw v. State, 995 S.W.2d 867, 868 (Tex.App.‑‑Waco
1999, no pet.).  AWhen
the defendant introduces evidence that he acted in self‑defense, the
State bears the burden of showing beyond a reasonable doubt that the force used
was not reasonable or justified.@  Shaw, 995 S.W.2d at 868; see also
Saxton v. State, 804 S.W.2d 910, 913 (Tex.Crim.App. 1991).  While the State bears the burden of
persuasion on the self‑defense issue, it does not have a burden of
producing evidence to affirmatively refute self‑defense.  See Saxton, 804 S.W.2d at 913.  A jury verdict of guilty is an implicit
finding rejecting the defendant=s
self‑defense theory.  See id.
at 914.  The issue of self-defense is an
issue of fact for the jury to decide and the credibility of self-defense
evidence is solely with the jury=s
province to accept or reject the evidence. 
See id.

To assess a
factual insufficiency claim, we review all the evidence in the record in a
neutral light to decide whether the State=s
evidence taken alone is too weak to support the finding  and whether the proof of guilt, although
adequate if taken alone, is against the great weight and preponderance of the
evidence.  Zuliani v. State, 97
S.W.3d 589, 593-94 (Tex.Crim.App. 2003). 

The record does
provide evidence probative of self-defense. 
There was testimony that Ayala could be aggressive when drunk.  He was drunk early that morning, and in fact,
got into a fight with Albert Buchanan. 
Appellant and Ayala had known each other for more than ten years and
were friends.  Appellant testified that
after they had parked at his uncle=s
house, Ayala became angry and began pushing and shoving Appellant.  He claimed that he became scared and pulled
out his knife to protect himself, and that Ayala charged him and rammed into
the knife.  Though he could not explain
why Ayala was stabbed two times, the forensic evidence that both stab wounds,
very close together, penetrated Ayala=s
rib bones suggest considerable pressure which is consistent with Ayala=s heft ramming against the Appellant
pinned to the side of the car.

Finally, there was
demonstrative evidence that the sharp barbs on the four-foot chain link fence
that Ayala climbed over could have caused the incised wounds that Ayala had on
his hands. 








There are,
however, a number of facts and circumstances that tend to negate the claim of
self-defense.  Mary Buchanan testified
that when Appellant telephoned her at 7:03 a.m., he told her that he had left
Ayala at some apartments in Irving.  The
record shows that he made this call from his uncle=s
house, and one could reasonably infer that he would have been aware of police
and medical emergency personnel responding to Mr. Nuñez=
911 call only a few houses up and across the street.  The Appellant testified that he watched Ayala
run to where Mr. Nuñez lived, and that after about fifteen minutes, he drove up
and back down the street looking for Ayala. 


Then there is the physical evidence
of Ayala=s flight
to and through Mr. Nuñez=
carport, which clearly reflects panic and fear on Ayala=s
part.  

Viewing all the
evidence and then looking at the State=s
evidence alone, we simply cannot say that evidence was too weak to support the
jury=s
rejection of Appellant=s
self-defense claim and that the proof of guilt, although adequate if taken
alone, is not against the great weight and preponderance of the evidence.  Therefore, the evidence is factually
sufficient to the implied finding that Appellant did not stab Ayala in
self-defense.  We overrule Issue One. 

In his second
issue, the Appellant asserts that he was denied effective assistance of counsel
in two particular instants.  Appellant
claims that his counsel failed to challenge a juror who expressed reservations
about minimum sentences, and eliciting evidence of an extraneous offense during
the cross-examination of Mary Buchanan. 
There was a motion for a new trial filed but there was no hearing on
that motion; consequently, there is no record before us that provides trial
counsel=s
explanation of the reasons for his action or inaction alleged as error.  








It is the
defendant=s burden
to prove ineffective assistance of counsel by a preponderance of the evidence.  Thompson v. State, 9 S.W.3d 808, 813
(Tex.Crim.App. 1999).  In reviewing a
claim of ineffective assistance of counsel, we must indulge a strong
presumption that counsel=s
conduct falls within the wide range of reasonable professional assistance, and
the appellant must overcome the presumption that the challenged conduct might
be considered sound trial strategy.  Id.;
Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80
L.Ed.2d 674 (1984).  Any allegation of
ineffectiveness must be firmly founded and affirmatively demonstrated in the
record to overcome this presumption.  Thompson,
9 S.W.3d at 813; see Jackson v. State, 877 S.W.2d 768, 771
(Tex.Crim.App. 1994).  The Appellant has
not rebutted the strong presumption that trial counsel=s
conduct falls with the wider range of reasonable professional assistance. Thompson,
9 S.W.3d at 814.  Therefore, his second
issue must be overruled. 

In his third
issue, the Appellant claims that the prosecutor=s
argument was outside the record and a plea for the jury to follow community
sentiment about violent crimes.  Both
Appellant and State agree to what the alleged objectionable statements are, so
we do not repeat them here.  Both sides
also agree that proper jury argument consists of:  (1) summation of the evidence; (2) reasonable
deductions from the evidence; (3) answer to argument of opposing counsel; and
(4) a plea for law enforcement.  Morales
v. State, 11 S.W.3d 460, 463 (Tex.App.‑-El Paso 2000, pet. ref=d). 
We find that the prosecutor=s
comments to be plainly a plea for law enforcement and, therefore, proper.  Issue Three is overruled.

In Issue Four, the
Appellant objects to the refusal of the trial court to include a requested jury
charge on voluntary intoxication at the punishment phase of the trial. 

A defendant is entitled
to a mitigation instruction on intoxication in the punishment phase of a trial
if there is evidence of temporary insanity caused by intoxication:








(b)        Evidence of temporary insanity caused by
intoxication may be introduced by the actor in mitigation of the penalty
attached to the offense for which he is being tried.  

 

(c)        When temporary insanity is relied upon
as a defense and the evidence tends to show that such insanity was caused by
intoxication, the court shall charge the jury in accordance with the provisions
of this section.  

 

Tex.Pen.Code
Ann. ' 8.04(b)
& (c)(Vernon 2003).

To be entitled to
a jury instruction on voluntary intoxication for purposes of mitigation of
punishment, the evidence must show that the intoxication rendered the defendant
temporarily insane in that (1) he did not know his conduct was wrong, or (2) he
was incapable of conforming his conduct to the law.  Shelton v. State, 41 S.W.3d 208, 213
(Tex.App.--Austin 2001, pet. ref=d).
There is no evidence in the record here that the Appellant suffered any type of
temporary insanity due to his intoxication. 
The trial court properly denied the requested charge.  Issue Four is overruled.

Finally, in Issue
Five, Appellant asserts that the trial court erred by allowing the prosecutor
to improperly question a character witness. 
Specifically, he complains that on 

cross-examination by the State, the
witness was asked if his opinion would remain the same knowing that Appellant
had killed someone in reference to this offense for which the Appellant was
being tried.  Henderson v. State,
617 S.W.2d 697, 700 (Tex.Crim.App. 1981). 
While the State has not conceded that the question was improper, the
focus of its reply is that even if improper, there is no harm.  The Appellant has not, however, been able to
describe or show any harm suffered by the Appellant.  Indeed, we must agree with the State, that
the testimony was actually helpful. 
Issue Five is overruled.

 








The judgment of
the trial court is affirmed.  

 

June
12, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)