COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 STEVEN KEITH ROA,
  
                            
 Appellant,
  
 v.
  
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
  § 
  
 
 
                                     
 No. 08-11-00026-CR
  
 Appeal from the
  
 County
 Criminal Court No. 6
  
 of
 Tarrant County, Texas 
  
 (TC# 1148724) 
  
 
 


 

O P I N I O N

 

            Steven
Keith Roa appeals his conviction for driving while intoxicated.  Roa argues that the trial court erred by
overruling his objections to improper and prejudicial remarks made by the State
of Texas during closing argument that Roa:  (1) had ingested six beers; and (2) was “over
the limit.”  Finding no error, we affirm.

BACKGROUND

            Appellant
was stopped for speeding near midnight on February 27, 2009, in Tarrant County,
Texas.  He was the driver and sole
occupant of the vehicle, and was traveling about 70 miles per hour in a 60 mile
per hour zone.  During the course of the
stop, Fort Worth Officer Jason Kim noticed an odor of alcohol.  Officer Kim also noticed that Appellant’s
eyes were watery, his speech was soft, and he swayed while standing.  Based on his observations, Officer Kim
administered a series of standardized field sobriety tests.  Officer Kim testified that Appellant failed
the walk and turn test, and twice failed the horizontal gaze nystagmus
test.  During a search of Appellant’s
vehicle, Officer Kim found an empty twelve ounce can of Natural Light beer, and
a second twelve ounce can of the same brand of beer, which was about one-fourth
full, in the right rear passenger area of the vehicle.

            Appellant
was arrested on suspicion of driving while intoxicated and transported to the
Tarrant County Jail.  There, Officer
Colin Harris again performed two of the three field sobriety tests, and again
Appellant failed the tests.  Appellant
refused to take a breath test.  Appellant
admitted to drinking four twelve-ounce Natural Light beers, and noted that he
imbibed at the airport.

            A
jury convicted Appellant of the offense of driving while intoxicated, and the
trial court sentenced him to one year’s confinement in the Tarrant County
Jail.  The trial court suspended
imposition of the sentence and placed Appellant on two years’ community
supervision and imposed a fine of $1,500.  The trial court also ordered Appellant to
serve 20 days confinement in the Tarrant County Jail as a condition of
community supervision.

DISCUSSION

            In
the two issues he brings on appeal, Appellant argues that the trial court erred
“to the substantial prejudice of the Appellant, by overruling the defense
counsel’s objection to the prosecutor’s improper argument” that Appellant:  (1) had ingested six beers; and (2) was “over
the limit.”

            Specifically,
Appellant complains of the following statements made by the prosecutor:

Officer Kim finds these in the right rear passenger seat.  Okay?  If you’re driving home from Dallas to Fort
Worth, about 30 to 45 minutes, about enough time to drink two beers, and if you
get pulled over, where are you putting them?  You’re reaching behind the passenger seat into
the rear passenger seat, natural place for them to be.  One of these guys wasn’t finished, okay, still
alcohol in there.  Reasonable to infer he’s
still drinking that at the time he gets pulled over, that’s why he wouldn’t
give a breath test, because he was drinking as he was driving?  Okay?  Reasonable inference, six beers total, and
that is too much.

            

At that point,
Appellant’s counsel objected that the prosecutor’s argument was outside the
evidence.  The trial court overruled the
objection, and the prosecutor continued:

Thank you Judge.  Reasonable inference, six beers total.  Way too much. 
By his own admission, this is someone who drinks three times a week,
okay, regular drinker.  We’re not saying
he’s falling down drunk, we are saying he’s over the limit.  We can prove that by his own admission, by
what was found in the car and by the test.

 

Appellant’s
counsel objected again arguing that there was no evidence that Appellant was
“over the limit.”  The trial court
overruled the objection.

            Appellant
argues that the State used its closing argument to place matters before the
jury that were outside the record and which substantially prejudiced Appellant
so as to deny him a fair trial.  The State
counters that Appellant’s two objections to the prosecutor’s comments were
insufficient to preserve these issues for our review, that Appellant’s
complaints in this Court do not comport with the objection made at trial, and
that the prosecutor’s arguments were a reasonable inference from the evidence.

A trial court has
a great deal of discretion to control the scope of closing arguments.  Lemos
v. State, 130 S.W.3d 888, 892 (Tex.App.--El Paso 2004, no pet.).  Parties may draw reasonable, fair, and
legitimate inferences from the evidence presented at trial.  See
Allridge v. State, 762 S.W.2d 146, 156 (Tex.Crim.App. 1988).  The standard is whether, in light of the
record as a whole, there is a reasonable possibility the improper argument
might have contributed to appellant’s conviction.  See Wilson v. State, 938 S.W.2d 57, 61 (Tex.Crim.App. 1996).

 In determining whether the State engaged in
improper jury argument, we consider the entire argument presented, not isolated
sentences.  Rodriguez v. State, 90 S.W.3d 340, 364 (Tex.App.--El Paso 2001,
pet. ref’d).  Generally, proper jury
argument consists of:  (1) summation of
the evidence; (2) reasonable deductions from the evidence; (3) answer to
argument of opposing counsel; and (4) a plea for law enforcement.  Jackson v. State, 17 S.W.3d 664, 673 (Tex.Crim.App. 2000);
Morales v. State, 11 S.W.3d 460, 463 (Tex.App.--El
Paso 2000, pet. ref’d).

Under most
circumstances, improper jury argument may be cured by an instruction to disregard,
unless “in light of the record as a whole it was extreme or manifestly
improper, violative of a mandatory statute, or injected new facts harmful to
the accused.”  Hawkins v. State, 135 S.W.3d 72, 75 (Tex.Crim.App. 2004), citing Cooks v. State, 844 S.W.2d 697, 727 (Tex.Crim.App. 1992), cert. denied, 509 U.S. 927, 113 S.Ct.
3048, 125 L.Ed.2d 732 (1993).

To preserve error
regarding improper jury argument, a party is required to continue to object
each time improper jury argument is offered. 
Dickerson v. State, 866 S.W.2d
696, 699 (Tex.App.--Houston [1st Dist.] 1993, pet. ref’d).  A defendant ordinarily should:  (1) contemporaneously object to the statement;
(2) request an instruction that the jury disregard the statement if the
objection is sustained; and (3) move for a mistrial if the instruction is
granted.  Cooks, 844 S.W.2d at 727-28.  However, while this sequence is not essential
to preserve complaints for appellate review, the essential requirement is a
timely, specific request that the trial court refuses.  Young v.
State, 137 S.W.3d 65, 69 (Tex.Crim.App. 2004).  “[A]n event that could have been prevented by
timely objection or cured by instruction to the jury will not lead an appellate
court to reverse a judgment on an appeal by the party who did not request these
lesser remedies in the trial court.”  Young, 137 S.W.3d at 70.  Moreover, the appellate complaint challenging
the motion for mistrial must comport with the motion made at trial.  Broxton
v. State, 909 S.W.2d 912, 918 (Tex.Crim.App. 1995).  The mistrial motion must be timely, that is,
it must be made as soon as the grounds for the mistrial become apparent.  Griggs
v. State, 213 S.W.3d 923, 927 (Tex.Crim.App. 2007).

Here, counsel
lodged a single objection to each of the complained arguments.  The trial court overruled each
objection.  No request for a running
objection was made, but given the fact that the prosecutor did not continue
along the objectionable line of questioning, no such request was
necessary.  Appellant did not request an
instruction from the trial court that the jury be ordered to disregard the
prosecutor’s statements, nor did he make a motion for mistrial.  Under these circumstances, we cannot say that
Appellant preserved these complaints sufficient for our review.

However, had we
determined otherwise, we would be obligated to decide whether Appellant’s
substantial rights were harmed by the arguments made by the State.  See
Casey v. State, 215 S.W.3d 870, 885 (Tex.Crim.App. 2007).  A substantial right is affected when the
error had a substantial and injurious effect or influence on the jury’s
verdict.  Id.

As noted above, where
closing argument exceeds the permissible bounds of approved areas, it will not
constitute reversible error unless, in light of the record as a whole, the
argument is extreme or manifestly improper, violative of a mandatory statute,
or injects new facts harmful to the accused into the trial proceeding.  Wesbrook v. State, 29
S.W.3d 103, 115 (Tex.Crim.App. 2000), citing Todd v. State, 598 S.W.2d 286, 296-97
(Tex.Crim.App. 1980).  “The
remarks must have been a willful and calculated effort on the part of the State
to deprive appellant of a fair and impartial trial.”  Wesbrook, 29 S.W.3d at 115, citing
Cantu v. State, 939 S.W.2d
627, 633 (Tex.Crim.App.), cert. denied, 522 U.S. 994, 118 S.Ct.
557, 139 L.Ed.2d 399 (1997).



When analyzing any
harm that may have been caused by an improper jury argument, we examine the
following factors:  (1) the severity of
the misconduct (the magnitude of the prejudicial effect of the prosecutor’s
remarks); (2) measures adopted to cure the misconduct (the efficacy of any
cautionary instruction by the judge); and (3) the certainty of conviction
absent the misconduct (the strength of the evidence supporting the conviction).
 Ramon v. State, 159 S.W.3d 927, 929 (Tex.Crim.App. 2004),
citing Mosley v. State, 983 S.W.2d 249, 259 (Tex.Crim.App. 1998)(op.
on reh’g), cert. denied, 526 U.S.
1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999).

We conclude, after
considering the entire argument presented, as well as the record as a whole, that
the remark made by the prosecutor regarding the number of beers ingested by
Appellant was a reasonable inference from the evidence adduced at trial.  Additionally, we conclude that the remark made
by the prosecutor that Appellent was “over the limit” referred simply to the
number of times that Appellant had failed the various standardized field
sobriety tests and was not an inappropriate reference to the “legal
limit.”  It was also a reasonable
deduction from the evidence presented. 
Essentially, the prosecutor’s remarks were not a willful and calculated
effort to deprive Appellant of a fair and impartial trial.

No cautionary
instruction, or instruction to disregard was given to the jury because
Appellant never made any such request.  Finally,
the evidence to support the jury’s verdict was substantial, even had the
comments never been made, particularly in light of Appellant’s own
admissions.  Issues One and Two are
overruled.

CONCLUSION

            Having
overruled each of Appellant’s issues, we affirm the trial court’s judgment.

 

 

April 4, 2012

                                                                                    CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)