COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

STEVEN KEITH ROA, § 

       No. 08-11-00026-CR

     Appellant, §

       Appeal from the

v. §

       County Criminal Court No. 6

       §

THE STATE OF TEXAS,        of Tarrant County, Texas

       §

     Appellee.        (TC# 1148724)

       §

## OPINION ON MOTION FOR REHEARING

Appellant, Steven Keith Roa has filed a motion for rehearing. We grant Appellant's motion for rehearing, withdraw our opinion and judgment of April 4, 2012, and substitute the following opinion and judgment in their place.

Steven Keith Roa appeals his conviction for driving while intoxicated. Roa argues that the trial court erred by overruling his objections to improper and prejudicial remarks made by the State of Texas during closing argument that Roa: (1) had ingested six beers; and (2) was "over the limit." Finding no error, we affirm.

## BACKGROUND

Appellant was stopped for speeding near midnight on February 27, 2009, in Tarrant County, Texas. He was the driver and sole occupant of the vehicle, and was traveling about 70 miles per hour in a 60 mile per hour zone. During the course of the stop, Fort Worth Officer Jason Kim noticed an odor of alcohol. Officer Kim also noticed that Appellant's eyes were watery, his speech was soft, and he swayed while standing. Based on his observations, Officer

Kim administered a series of standardized field sobriety tests. Officer Kim testified that Appellant failed the walk and turn test, and twice failed the horizontal gaze nystagmus test. During a search of Appellant's vehicle, Officer Kim found an empty twelve ounce can of Natural Light beer, and a second twelve ounce can of the same brand of beer, which was about one-fourth full, in the right rear passenger area of the vehicle.

Appellant was arrested on suspicion of driving while intoxicated and transported to the Tarrant County Jail. There, Officer Colin Harris again performed two of the three field sobriety tests, and again Appellant failed the tests. Appellant refused to take a breath test. Appellant admitted to drinking four twelve-ounce Natural Light beers, and noted that he imbibed at the airport.

A jury convicted Appellant of the offense of driving while intoxicated, and the trial court sentenced him to one year's confinement in the Tarrant County Jail. The trial court suspended imposition of the sentence and placed Appellant on two years' community supervision and imposed a fine of $1,500. The trial court also ordered Appellant to serve 20 days confinement in the Tarrant County Jail as a condition of community supervision.

## DISCUSSION

In the two issues he brings on appeal, Appellant argues that the trial court erred "to the substantial prejudice of the Appellant, by overruling the defense counsel's objection to the prosecutor's improper argument" that Appellant: (1) had ingested six beers; and (2) was "over the limit."

Specifically, Appellant complains of the following statements made by the prosecutor:

Officer Kim finds these in the right rear passenger seat. Okay? If you're driving home from Dallas to Fort Worth, about 30 to 45 minutes, about enough time to drink two beers,

and if you get pulled over, where are you putting them? You're reaching behind the passenger seat into the rear passenger seat, natural place for them to be. One of these guys wasn't finished, okay, still alcohol in there. Reasonable to infer he's still drinking that at the time he gets pulled over, that's why he wouldn't give a breath test, because he was drinking as he was driving? Okay? Reasonable inference, six beers total, and that is too much.

At that point, Appellant's counsel objected that the prosecutor's argument was outside the evidence. The trial court overruled the objection, and the prosecutor continued:

Thank you Judge. Reasonable inference, six beers total. Way too much. By his own admission, this is someone who drinks three times a week, okay, regular drinker. We're not saying he's falling down drunk, we are saying he's over the limit. We can prove that by his own admission, by what was found in the car and by the test.

Appellant's counsel objected again arguing that there was no evidence that Appellant was "over the limit." The trial court overruled the objection.

Appellant argues that the State used its closing argument to place matters before the jury that were outside the record and which substantially prejudiced Appellant so as to deny him a fair trial. The State counters that Appellant's two objections to the prosecutor's comments were insufficient to preserve these issues for our review, that Appellant's complaints in this Court do not comport with the objection made at trial, and that the prosecutor's arguments were a reasonable inference from the evidence.

A trial court has a great deal of discretion to control the scope of closing arguments. *Lemos v. State*, 130 S.W.3d 888, 892 (Tex.App.--El Paso 2004, no pet.). Parties may draw reasonable, fair, and legitimate inferences from the evidence presented at trial. *See Allridge v. State,* 762 S.W.2d 146, 156 (Tex.Crim.App. 1988). The standard is whether, in light of the record as a whole, there is a reasonable possibility the improper argument might have contributed to appellant's conviction. *See Wilson v. State,* 938 S.W.2d 57, 61 (Tex.Crim.App. 1996).

In determining whether the State engaged in improper jury argument, we consider the entire argument presented, not isolated sentences. *Rodriguez v. State*, 90 S.W.3d 340, 364 (Tex.App.--El Paso 2001, pet. ref'd). Generally, proper jury argument consists of: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) a plea for law enforcement. *Jackson v. State,* 17 S.W.3d 664, 673 (Tex.Crim.App. 2000); *Morales v. State,* 11 S.W.3d 460, 463 (Tex.App.--El Paso 2000, pet. ref'd).

Under most circumstances, improper jury argument may be cured by an instruction to disregard, unless "in light of the record as a whole it was extreme or manifestly improper, violative of a mandatory statute, or injected new facts harmful to the accused." *Hawkins v. State*, 135 S.W.3d 72, 75 (Tex.Crim.App. 2004), *citing Cooks v. State*, 844 S.W.2d 697, 727 (Tex.Crim.App. 1992), *cert. denied*, 509 U.S. 927, 113 S.Ct. 3048, 125 L.Ed.2d 732 (1993).

To preserve error regarding improper jury argument, a party is required to continue to object each time improper jury argument is offered. *Dickerson v. State,* 866 S.W.2d 696, 699 (Tex.App.--Houston [1st Dist.] 1993, pet. ref'd). A defendant ordinarily should: (1) contemporaneously object to the statement; (2) request an instruction that the jury disregard the statement if the objection is sustained; and (3) move for a mistrial if the instruction is granted. *Cooks*, 844 S.W.2d at 727-28. However, while this sequence is not essential to preserve complaints for appellate review, the essential requirement is a timely, specific request that the trial court refuses. *Young v. State*, 137 S.W.3d 65, 69 (Tex.Crim.App. 2004). "[A]n event that could have been prevented by timely objection or cured by instruction to the jury will not lead an appellate court to reverse a judgment on an appeal by the party who did not request these lesser

-4-

remedies in the trial court." *Young*, 137 S.W.3d at 70. Moreover, the appellate complaint challenging the motion for mistrial must comport with the motion made at trial. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex.Crim.App. 1995). The mistrial motion must be timely, that is, it must be made as soon as the grounds for the mistrial become apparent. *Griggs v. State*, 213 S.W.3d 923, 927 (Tex.Crim.App. 2007).

Here, counsel lodged a single objection to each of the complained arguments. The trial court overruled each objection. No request for a running objection was made, but given the fact that the prosecutor did not continue along the objectionable line of questioning, no such request was necessary. Under these circumstances, we conclude that Appellant preserved these complaints sufficient for our review.

We must therefore determine whether Appellant's substantial rights were harmed by the arguments made by the State. *See Casey v. State,* 215 S.W.3d 870, 885 (Tex.Crim.App. 2007). A substantial right is affected when the error had a substantial and injurious effect or influence on the jury's verdict. *Id.*

As noted above, where closing argument exceeds the permissible bounds of approved areas, it will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *Wesbrook v. State,* 29 S.W.3d 103, 115 (Tex.Crim.App. 2000), *citing Todd v. State,* 598 S.W.2d 286, 296-97 (Tex.Crim.App. 1980). "The remarks must have been a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial." *Wesbrook*, 29 S.W.3d at 115, *citing Cantu v. State,* 939 S.W.2d 627, 633 (Tex.Crim.App.), *cert. denied*, 522 U.S. 994, 118 S.Ct. 557, 139 L.Ed.2d 399 (1997).

When analyzing any harm that may have been caused by an improper jury argument, we examine the following factors: (1) the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks); (2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge); and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). *Ramon v. State,* 159 S.W.3d 927, 929 (Tex.Crim.App. 2004), *citing Mosley v. State,* 983 S.W.2d 249, 259 (Tex.Crim.App. 1998)(op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999).

We conclude, after considering the entire argument presented, as well as the record as a whole, that the remark made by the prosecutor regarding the number of beers ingested by Appellant was a reasonable inference from the evidence adduced at trial. Additionally, we conclude that the remark made by the prosecutor that Appellent was "over the limit" referred simply to the number of times that Appellant had failed the various standardized field sobriety tests and was not an inappropriate reference to the "legal limit." It was also a reasonable deduction from the evidence presented. Essentially, the prosecutor's remarks were not a willful and calculated effort to deprive Appellant of a fair and impartial trial. Finally, the evidence to support the jury's verdict was substantial, even had the comments never been made, particularly in light of Appellant's own admissions.

Issues One and Two are overruled.

## CONCLUSION

Having overruled each of Appellant's issues, we affirm the trial court's judgment.

April 25, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)