COURT
OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 DENNIS HILDEBRANT,
  
                            
 Appellant,
  
 v.
  
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
  § 
  
 
 
                                     
 No. 08-11-00068-CR
  
 Appeal from the
  
 120th
 Judicial District Court
  
 of
 El Paso County, Texas 
  
 (TC#20090D04496) 
  
 
 


 

OPINION ON
MOTION FOR REHEARING

 

            Appellant,
Dennis Hildebrant has filed a motion for rehearing.  We grant Appellant’s motion for rehearing,
withdraw our opinion and judgment of May 16, 2012, and substitute the following
opinion and judgment in their place.

            Dennis
Hildebrant (“Hildebrant” or “Appellant”) appeals his conviction for aggravated
robbery.  In two issues, Hildebrant
argues that improper remarks made by the State of Texas during closing argument
substantially prejudiced his right to a fair trial, and that the State
impermissibly shifted the burden of proof to the defense.  Finding no error, we affirm.

BACKGROUND

            On
September 22, 2009, Appellant was indicted for the offense of aggravated
robbery.  He pled not guilty and
proceeded to a jury trial on January 22, 2010. 
On January 25, 2010, the jury found Appellant guilty of the offense and
the case continued into the punishment phase of the trial.  The jury assessed punishment at 22 years’
confinement in the Institutional Division of the Texas Department of Criminal
Justice.

            On
August 31, 2009, Hugo Delgadillo was employed by Sears Department Store in El Paso,
Texas as a loss prevention officer.  On
that day at approximately 2 p.m., utilizing a video surveillance monitor,
Delgadillo observed a male place some pliers in his pants.  Delgadillo left his office on the second
floor and headed towards the exit he thought the person would use.  Delgadillo approached the individual he had
seen on the video monitor, identified himself as a loss prevention officer, and
asked the person to go back inside the store. 
As this was taking place, Delgadillo saw an F-350, gold colored truck
headed towards the area where he was with Appellant.  When he looked back at Appellant, he saw that
Appellant had a knife in his hand.  Appellant told Delgadillo to “get away or my
partner will get out.”  When he saw the
knife, Delgadillo told Appellant to take the merchandise because he was in fear
for his life.  Appellant got into the
truck and left the area.  Delgadillo then
called 911 and provided the dispatcher with information regarding what had
occurred as well as the license plate number for the truck and the direction it
was heading.

            Officer
William Stokes informed the jury that he was able to obtain a local address
associated with the license plate for the truck and when he arrived at the
address observed a 1999 gold F-350 pick-up truck parked at the address.  The truck eventually departed the address and
officers began following it.

            Officer
Joshua Cass testified that he saw the vehicle commit a traffic violation when
it made a right-hand turn without using a turn signal.  Officer Rex Parsons testified that he was
involved in the traffic stop, and that the vehicle was stopped because it had
committed a traffic violation and because it was believed to have been involved
in an aggravated robbery earlier in the day. 
Officer Parsons told the jury that he asked both individuals in the
vehicle to step out of the vehicle, and then he separated them so that they
could not share information.

            Delgadillo
testified that El Paso Police Department Officer Lechuga arrived at Sears and
watched the surveillance video of Appellant. 
Other officers also spoke with Delgadillo, including Officer Alejandro
Dominguez who took Delgadillo to the intersection of Yarbrough and Alameda
Streets in El Paso, Texas where Delgadillo identified the F-350 gold truck.  He was also able to identify the driver of the
truck and Appellant as the shoplifter.

            Officer
Dominguez testified that he viewed the surveillance video and saw Appellant
place items in his waistband and attempt to conceal them by “putting the shirt
over.”  He also informed the jury that he
was present when Delgadillo identified Appellant and identified the other
individual as the driver of the truck.

            The
jury found Appellant guilty of the offense of aggravated robbery.  The State presented no witnesses during the
penalty phase of the trial although several prior judgments attributable to
Appellant were admitted and Appellant pled true to the State’s Notice of
Enhancement.  Appellant testified that he
had an addiction to heroin and told the jury that he was not a threat to
society, despite his prior criminal history.  The jury recommended twenty-two years’
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  The trial court sentenced
Appellant in accordance with the jury’s verdict.

DISCUSSION

            On
appeal, Hildebrant argues that the improper arguments made by the State of
Texas during closing argument:  (1)
substantially prejudiced his right to a fair trial; and (2) impermissibly
shifted the burden of proof to the defense.

Specifically,
Appellant complains of the following remarks made by the prosecutor during
closing argument:

The State:  Defense counsel is right about one thing:  If we wanted to allege this as just a theft or
robbery, we could have, but we didn’t. 
Why didn’t we?  It’s not that the
State just wanted to win too much, okay?  I’m not going to risk my law license and all
the time I spent in school and all the money I spent to go to school --
 [Emphasis added].

 

Defense Counsel:  Objection, Your Honor.  This is a plea to sympathy.

The State:  I’m responding to an argument defense counsel
made.

The Court:  Overruled.

The State:  Thank you, Your Honor.  I’m not going to risk my law license and all
that I’ve done and my livelihood for one defendant, okay?  And I don’t think that the police officers –
and specialized officers in this case are going to do that either.  [Emphasis added].

 

.               .               .

 

The State:  Now, defense counsel makes a big deal about
why there’s no knife.  You know, who
all here has heard of murder cases where there’s no body and there’s no murder
weapon?  Those things happen, okay?
 And they still go to trial and there are
still convictions on those things.  There
may not be a knife, but guess what?  Who
controls where some of this evidence is?  The defendant.  [Emphasis added].

 

Defense Counsel:  Objection. 
That’s stating a fact not in evidence.

 

The Court:  Overruled.

 

Preliminarily, we
must determine whether Appellant sufficiently preserved his complaints for our
review.

We review a trial
court’s ruling on an objection to a jury argument under an abuse of discretion
standard.  See York v. State, 258 S.W.3d 712, 717 (Tex.App.--Waco
2008, pet. ref’d). To preserve error regarding improper jury
argument, a party is required to continue to object each time improper jury
argument is offered.  Dickerson v. State, 866 S.W.2d 696, 699
(Tex.App.--Houston [1st Dist.] 1993, pet. ref’d).  A defendant ordinarily should:  (1) contemporaneously object to the
statement; (2) request an instruction that the jury disregard the statement if
the objection is sustained; and (3) move for a mistrial if the instruction is
granted.  Cooks v. State, 844
S.W.2d 697, 727-28 (Tex.Crim.App. 1992), cert.
denied, 509 U.S. 927, 113 S.Ct. 3048, 125 L.Ed.2d 732 (1993).  However, while this sequence is not essential
to preserve complaints for appellate review, the essential requirement is a
timely, specific request that the trial court refuses.  Young v.
State, 137 S.W.3d 65, 69 (Tex.Crim.App. 2004).  “[A]n event that could have been prevented by
timely objection or cured by instruction to the jury will not lead an appellate
court to reverse a judgment on an appeal by the party who did not request these
lesser remedies in the trial court.”  Young, 137 S.W.3d at 70.  Moreover, the appellate complaint challenging
the motion for mistrial must comport with the motion made at trial.  Broxton
v. State, 909 S.W.2d 912, 918 (Tex.Crim.App. 1995).  The mistrial motion must be timely, that is,
it must be made as soon as the grounds for the mistrial become apparent.  Griggs
v. State, 213 S.W.3d 923, 927 (Tex.Crim.App. 2007).

Here, counsel
lodged a single objection to each of the complained arguments.  The trial court overruled each
objection.  No request for a running
objection was made, but given the fact that the prosecutor did not continue
along the objectionable line of questioning, no such request was
necessary.  Appellant did not request an
instruction from the trial court that the jury be ordered to disregard the
prosecutor’s statements, nor did he make a motion for mistrial, but given that
the objections were overruled, no such requests were necessary.  We conclude that counsel preserved his
arguments for review.

Next, we note that
a trial court has a great deal of discretion to control the scope of closing
arguments.  Lemos v. State, 130 S.W.3d 888, 892 (Tex.App.--El Paso 2004, no
pet.).  Parties may draw reasonable, fair,
and legitimate inferences from the evidence presented at trial.  See
Allridge v. State, 762 S.W.2d 146, 156 (Tex.Crim.App. 1988).  The standard is whether, in light of the
record as a whole, there is a reasonable possibility the improper argument
might have contributed to appellant’s conviction.  See Wilson v. State, 938 S.W.2d 57, 61 (Tex.Crim.App. 1996).

In determining
whether the State engaged in improper jury argument, we consider the entire
argument presented, not isolated sentences.  Rodriguez
v. State, 90 S.W.3d 340, 364 (Tex.App.--El Paso 2001, pet. ref’d).  Generally, proper jury argument consists of:  (1) summation of the evidence; (2) reasonable
deductions from the evidence; (3) answer to argument of opposing counsel; and
(4) a plea for law enforcement.  Jackson v. State, 17
S.W.3d 664, 673 (Tex.Crim.App. 2000);
Morales v. State, 11 S.W.3d 460, 463 (Tex.App.--El
Paso 2000, pet. ref’d).

Under most
circumstances, improper jury argument may be cured by an instruction to
disregard, unless “in light of the record as a whole it was extreme or
manifestly improper, violative of a mandatory statute, or injected new facts
harmful to the accused.”  Hawkins v. State, 135 S.W.3d 72, 75
(Tex.Crim.App. 2004), citing Cooks, 844 S.W.2d at 727.

We are also obligated
to consider whether Appellant’s substantial rights were harmed by the arguments
made by the State.  See Casey v. State, 215 S.W.3d 870, 885 (Tex.Crim.App. 2007).  A substantial right is affected when the
error had a substantial and injurious effect or influence on the jury’s
verdict.  Id.

As noted above, where
closing argument exceeds the permissible bounds of approved areas, it will not
constitute reversible error unless, in light of the record as a whole, the
argument is extreme or manifestly improper, violative of a mandatory statute,
or injects new facts harmful to the accused into the trial proceeding.  Wesbrook v. State, 29
S.W.3d 103, 115 (Tex.Crim.App. 2000), citing Todd v. State, 598 S.W.2d 286, 296-97
(Tex.Crim.App. 1980).  “The
remarks must have been a willful and calculated effort on the part of the State
to deprive appellant of a fair and impartial trial.”  Wesbrook, 29 S.W.3d at 115, citing
Cantu v. State, 939 S.W.2d 627, 633
(Tex.Crim.App.), cert.
denied, 522 U.S. 994, 118 S.Ct. 557, 139 L.Ed.2d 399 (1997).



When analyzing any
harm that may have been caused by an improper jury argument, we examine the
following factors:  (1) the severity of
the misconduct (the magnitude of the prejudicial effect of the prosecutor’s
remarks); (2) measures adopted to cure the misconduct (the efficacy of any
cautionary instruction by the judge); and (3) the certainty of conviction
absent the misconduct (the strength of the evidence supporting the conviction).
 Ramon v. State, 159 S.W.3d 927, 929 (Tex.Crim.App. 2004),
citing Mosley v. State, 983 S.W.2d 249, 259 (Tex.Crim.App. 1998)(op.
on reh’g), cert. denied, 526 U.S.
1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999).

We conclude, after
considering the entire argument presented, as well as the record as a whole, that
the remarks made by the prosecutor were responsive to issues raised by
Appellant’s counsel during his closing argument, including, inter alia, his remark “[i]t’s just
another example of the State just wanting to win too badly.”  The magnitude of the prejudicial effect of the
prosecutor’s comments was de minimis,
at best.  The prosecutor’s remarks were
not a willful and calculated effort to deprive Appellant of a fair and
impartial trial.  Finally, the strength of the evidence against
Appellant was overwhelming, even absent the remarks made by the prosecutor.  In light of the record as a whole, there is no
reasonable possibility that the prosecutor’s comments contributed to Appellant’s
conviction, nor did they substantially prejudice his right to a fair trial.  See Wilson v. State, 938 S.W.2d 57, 61 (Tex.Crim.App. 1996).

Appellant also contends
that the State impermissibly shifted the burden of proof to the defense when
the prosecutor made reference to the fact that a defendant controls where some
evidence might be located.  The arguments
made in support of his contention direct this Court to cases involving improper
jury argument.  We have already
determined that there is no reasonable possibility that the comments made by
the prosecutor contributed to Appellant’s conviction and did not substantially
prejudice his right to a fair trial.  Id.

To the extent that the
prosecutor’s comment could be construed as an attempt to suggest to the jury
that the defendant had any type of a burden of proof in the case, such argument
would have been improper.  See Ex parte Drinkert, 821 S.W.2d 953 (Tex.Crim.App. 1991).
 However, 

viewed in its context, it is clear
that the prosecutor was not attempting to shift the burden of proof.  She was merely responding to arguments made by
the defense that the State had failed to produce the knife used by Appellant
during the commission of the offense. 
Appellant’s characterization of the prosecutor’s remarks as constituting
“burden shifting” are therefore inaccurate.

Appellant’s issues
are both overruled.

CONCLUSION

            Having
overruled both of Appellant’s issues, we affirm the trial court’s judgment.

 

 

July 5, 2012

                                                                                    CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)