**Opinion issued June 17, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00495-CR

———————————

**ADRIAN DEWAYNE GRAVES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1336725**

## MEMORANDUM OPINION

Appellant Adrian Dewayne Graves appeals his conviction for felony theft, complaining about the exclusion of certain evidence. We affirm.

## BACKGROUND

Appellant was charged with felony theft of merchandise from a Houston business, Uptown Beauty Supplies. On January 25, 2012, a large hole was broken through the back wall of the store in the middle of the night, and about $40,000.00 in merchandise was stolen. The store owner, Ki Choung, who was alerted by his alarm company, met the police there and provided them footage of the break-in from his surveillance videotapes. Only one person can be seen in the recording, but another person can be heard talking off-screen. Choung also took a still-frame picture from the video and posted it in his store.

It took a few days for Choung to get someone out to start repairs. In the meantime, he put plywood over the hole and slept at his store. After he was able to get sheetrock repairs started, but before the brick had been replaced on the outside of the building, Choung returned to sleeping at home.

On January 30, 2012—just five days after the January 25 break-in but after Choung had returned home—Choung again received an alert from his alarm company in the early morning hours. The first police officer to respond, J. Jones, discovered the plywood covering the existing hole on the back wall missing and additional bricks and sheetrock debris scattered around the opening. This time, about $5,000 in merchandise was taken.

2

Officer B. Sternberg, one of the officers who had responded to the January 25, 2012 alarm call at Uptown Beauty Supplies, was dispatched there again on January 30. As he approached the store, he saw a tan car pull out of the store's parking lot with its headlights off. Finding both the lack of headlights and the car's vicinity to the store to be suspicious, Sternberg pulled the car over. Appellant was driving, Michael Campbell was a passenger, and they were both sweating profusely. They were also both covered in white dust that Sternberg suspected was sheetrock dust from the hole in the wall at Uptown Beauty Supplies. Upon returning to the store with appellant and Campbell, Sternberg looked at the posted still-shot photo from the January 25, 2012 surveillance video and realized that appellant was the same person caught on surveillance video stealing store merchandise five days previously. He arrested both appellant and Campbell.

Appellant's appeal here is from the trial on theft charges related to the January 25, 2012 break-in. At trial, appellant sought to introduce evidence, through the cross examination of Sternberg, about why charges against Campbell for the January 30, 2012 break-in were dropped. The trial court sustained the State's objection to introduction of this evidence and allowed appellant to make an offer of proof. Appellant's counsel explained, outside the presence of the jury, that the videotape from the January 30, 2012 break-in had been erased. Appellant argued that—because the State introduced evidence of appellant's involvement in

3

the January 30, 2012 break-in—evidence about the tape from that break-in being erased was relevant to appellant's case. The trial court responded that (1) Sternberg would not be the appropriate person to testify about why charges against Campbell for a different incident were dropped, (2) whether Campbell was prosecuted for the January 30 break-in was not relevant to appellant's guilt or innocence of the January 25 break-in, and (3) even if there was some marginal relevance, any probative value would be outweighed by the nature of the dismissal and the time it would take.

The jury found appellant guilty of third-degree felony theft, and appellant pleaded true to prior convictions for felony aggravated robbery and felony robbery. The court assessed punishment at 30 years' confinement, which was within the applicable range of 25 to 99 years' or life.

## ISSUE ON APPEAL

In one issue, appellant argues:

The trial court erred when it denied appellant the opportunity to introduce evidence regarding the reasons that the charges against appellant's co-defendant in the extraneous case were dismissed where such evidence was relevant to rebut the state's proof of that extraneous case which was an essential part of the state's proof of the primary case on trial.

The State responds that evidence that the State dismissed the case against Campbell related to the January 30, 2012 break-in did not make it more or less likely that appellant committed theft on January 25, 2012. Accordingly, the State

4

argues, the trial court did not abuse its discretion in excluding evidence of that dismissal.

## EVIDENCE ABOUT DISMISSAL OF CAMPBELL'S CASE

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401; *Hernadez v. State*, 817 S.W.2d 744, 746 (Tex. App.—Houston [1st Dist.] 1991, no pet). Relevant evidence is admissible unless the probative value of that relevant evidence is substantially outweighed by the danger of unfair prejudice to a defendant. TEX. R. EVID. 402, 403.

"The disposition of a codefendant's case is generally not admissible in the trial of another codefendant." *Torres v. State*, 92 S.W.3d 911, 917 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd); *see also Miller v. State*, 741 S.W.2d 382, 389–90 (Tex. Crim. App. 1987); *Rodriquez v. State*, 552 S.W.2d 451, 454–55 (Tex. Crim. App. 1977); *Morales v. State*, 11 S.W.3d 460, 465–66 (Tex. App.—El Paso 2000, pet. ref'd); *Beasley v. State*, 838 S.W.2d 695, 703 (Tex. App.—Dallas 1992, pet. ref'd).

"We review the trial court's rulings under the Texas Rules of Evidence for abuse of discretion." *Dickson v. State*, 246 S.W.3d 733, 738 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (citing *Martin v. State*, 173 S.W.3d 463, 467 (Tex.

Crim. App. 2005)).  A trial court abuses its discretion if its decision is outside the zone of reasonable disagreement or if it acts without reference to guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380, 391 (Tex. Crim. App. 1990).  If the ruling was correct under any theory of law applicable to the case, we must uphold the judgment. *Martin*, 173 S.W.3d at 467.

Here, Campbell was not a defendant in the underlying case for the January 25, 2012 theft, but instead a co-defendant in the January 30, 2012 theft case.  In evaluating whether the trial court abused its discretion, the relevant question is whether the dismissal of Campbell's case related to the January 30, 2012 break-in has a "tendency to make the existence of any fact that is of consequence to the determination of [appellant's guilt in the January 25, 2012 break-in] more probable or less probable than it would be without the evidence."  We conclude the trial court correctly answered that question in the negative and, accordingly, did not abuse its discretion in excluding the evidence.

Appellant was the person recorded by the store's surveillance cameras stealing merchandise on January 25, 2012, but had not yet been identified as the suspect by January 30, 2012.  The significance of the January 30, 2012 arrest of appellant and Campbell to appellant's guilt or innocence in the January 25 theft did not have anything to do with Campbell.  Rather, the relevant facts were that appellant was spotted on January 30, just five days after the prior break-in, leaving

6

the scene immediately after the alarm was triggered in a vehicle with its headlights off and his body covered in sheetrock dust. After detaining appellant because of these suspicious circumstances, Officer Sternberg realized that appellant was the person that had been recorded stealing merchandise on January 25 and arrested both he and Campbell. Because nothing about Campbell's arrest or the circumstances around the charges against Campbell for the January 30 break-in made any facts of consequence to the determination of appellant's guilt or innocence in the January 25 theft any more or less probable, we overrule appellant's sole point of error.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

7